WILLIAM REED *vs.* EPAMINONDAS B. STODDARD & others.

The owner of an overdue and unpaid promissory note united with other creditors of the maker in a written agreement not to sue him on the debts owing to them, and extending the time of payment thereof, two years for one third, three years for another third, and four years for the balance of each debt, in consideration whereof he promised to pay to them respectively " within the time above mentioned " the full amounts which he owed to them, with interest for the period of extension. At the end of two years he failed to pay the first instalment of one third upon the note; after which its said owner sold it to a third person. *Held*, that the agreement was no bar to an action by the buyer, upon the note, for the whole amount due thereon, although begun before the time limited in the agreement for the payment of the final instalment.

CONTRACT on a promissory note of the defendants, (copartners, doing business at Charleston, South Carolina, under the firm of E. B. Stoddard & Co.,) dated February 12, 1861, for $556.29, payable to the order of Lycurgus S. Jones, and by him indorsed in blank without recourse. Writ dated October 16, 1867. The answer set up an instrument in writing, dated May 30, 1865, and signed by the defendants, with Jonathan D. Wheeler and seventy-five others of their creditors, in the following terms :

" In consideration of the hereinafter mentioned agreement made to us by E. B. Stoddard & Co., of Charleston, South Carolina, we, the undersigned creditors of the said firm, do severally promise and agree that we will not, during the space of time hereinafter mentioned, demand, sue, or molest the said E. B. Stoddard & Co., or any individual member of the said firm, in consequence of any debt that may now be due to us from them, and that we will severally grant to the said E. B. Stoddard & Co. an extension of time for the payment of such debts as follows : for one third of each of our debts, principal and interest now due, an extension of two years, and for an additional one third an extension of three years, and for the balance of said debts an extension of four years, all from the date hereof, with interest to be paid. And, in consideration of such agreements on our parts, the said E. B. Stoddard & Co. promise and agree to pay to each of us, within the time above mentioned, the full

amount of their indebtedness to us, with the interest accrued, and interest for the time so extended."

The case was submitted to the judgment of the superior court, and of this court, on appeal, upon facts agreed in substance as follows : On May 30, 1865, and when Wheeler signed the agreement set up in the answer, he owned and held the note declared on, which was then overdue; and afterwards, on August 5, 1867, sold it to the plaintiff for the plaintiff's note for fifty per centum of its principal sum. The instalment of one third, stipulated in the agreement to be paid in two years, was not paid; nor was any part of the note ever paid at any time to any person. There was no consideration for Wheeler's signature to the agreement other than what appears by the instrument itself.

*W. F. Slocum,* for the plaintiff.

*J. D. Ball,* for Stoddard.

FOSTER, J. The instrument relied upon, and pleaded, in defence of the present action, is an unsealed agreement, whereby the former holder of the note declared upon granted an extension of the time of payment thereof, of two years for one third, three years for an additional third ; and four years for the balance. The makers of the note, on their part, agreed to pay the debt in full, within the period of this extension. The first instalment was not paid, when payable by the terms of this contract; after which, the holder of the note, who had executed this agreement, transferred it to the present plaintiff, who now attempts to collect the entire note.

It is fully settled, in this Commonwealth, that a covenant, or other agreement, not to sue for a limited time an existing cause of action, is only a collateral contract, and cannot be pleaded in defence of an action at law upon the original cause of action. A perpetual covenant not to sue is equivalent to a release, and to avoid circuity of action may be pleaded as such. But if the agreement, whether under seal or not, is a limited one, the only remedy for breaking it is by an injunction in equity, or by an action on the agreement for damages. *Perkins* v. *Gilman,* 9 Pick. 229. *Foster* v. *Purdy,* 5 Met. 442. Even before this doctrine was established, the nonpayment, at the time stipulated

**of** any instalment under such a letter of license or agreement of extension, was held to warrant an immediate recovery of the entire balance of the original debt. *Upham* v. *Smith*, 7 Mass. 265.

Inasmuch as the defendants have failed to perform any part of the mutual agreement, there is apparently no equitable, certainly no legal, ground of defence to the note, and there must
*Judgment for the plaintiff on the agreed facts*