# IN GENERAL TERM, 1872.

Monroe M. Milford *v.* George A. Wesley *et al*, Appellants.

Appeal from Newcomb, Judge.

Innkeeper, *liability of, for property stolen*—Verdict, *when Court will not disturb*—Pleading, *rule in.*

The "rules" of a hotel r quiring "money, jewelry, and other valuables" to be deposited in the safe of the office, do not apply to a watch which a guest has on his person, and keeps for his personal use, and which is essential to his personal comfort, and convenience.

Where a guest is told by the inn-keeper, or his servant, "not to lock the door, for other parties had to come into the room, to go to bed, and the door should be left unlocked for them," or "that he could either lock the door, and get up, and let them in when they come,"

*Held:* That a lack of ordinary care can not be imputed to a guest, acting in obedience to such instruction—in leaving the door unlocked—and the inn-keeper will be responsible for property stolen from such guest.

The Court will not disturb the verdict of the jury, on a question of excessive damages, if such verdict is within the limits of the evidence.

Specific matter not alleged in answer can not be introduced as evidence under the general denial.

*Ray, Voss, Davis & Holman,* for appellants.

*James Buchanan,* for appellee.

Blair, J.—This is a suit by the plaintiff against the defendants, who are inn-keepers, to recover the value of a gold watch, and chain, and certain articles, as a seal, &c., attached to the chain. The plaintiff alleges in his complaint that he was a guest at the hotel kept by the defendants, and by their

direction he occupied a bed in room No. 84 in said hotel; that there were other beds in the same room, occupied by other guests, who were strangers to the plaintiff, and by request of the defendants, or their servant, on retiring he left the door of his room unlocked, that the other guests might enter the room; that he was informed by the servant of defendant that the other guests to occupy the room were honest, and on retiring he placed his watch, chain, &c., between the mattresses of the bed he occupied, from whence they were stolen while the plaintiff was asleep.

The defendants filed a general denial to the complaint.

The cause was submitted to a jury, and a verdict returned for the plaintiff. The defendants filed a motion for a new trial, which was overruled by the Court, and a judgment rendered on the verdict for the plaintiff.

The defendants appealed to General Term.

At the trial of the cause it was shown that the plaintiff had before retiring deposited his money with the clerk, to be put in the safe in the office, and during the day he had also deposited a small box containing some jewelry, all of which was delivered to the plaintiff next morning; and the defendants offered to introduce in evidence the heading on the page of the hotel register where the plaintiff's name was registered, which heading read as follows: " The proprietors will not be responsible for money, or valuable packages, unless deposited in the safe of the office," and also a certain regulation, or rule, printed upon a card, which was fastened upon the inside of the door of room No. 84, occupied by the plaintiff on the night when he was a guest at the hotel, as follows: " The proprietors will not be responsible for money, jewelry, or other valuables, unless deposited in the safe of the office."

An objection was made by the plaintiff to the introduction of this evidence under the issues joined, and it was excluded by the Court.

It is claimed by the defendants that these regulations, or

rules, were a part of the conditions upon which the defendants received guests into their hotel, and that they were assented to by the plaintiff on becoming a guest of the defendants', and that a failure to comply therewith on the part of the plaintiff, precludes him from recovering for articles lost by reason of such failure.

If, as is assumed by the defendants, it was intended to be shown by the evidence offered, that the liability which the law imposes upon the inn-keeper for the loss of the property of his guest, was lessened, or limited by an implied contract, or by notice brought home to the guest, directing his property to be placed in the safe, the matter thus relied upon as a defense, to be available should have been set up in answer, and not being so pleaded, the ruling of the Court in excluding the evidence was right.

And even further than this, we do not think that the " heading of the register," nor the rules posted upon the door of the room can be held to apply to a watch which a guest has about him for his personal use, and which is essential to his personal convenience. Laid away " in the safe of the office" it would be of no use to him. Its value as property might for the time being be secure, but its value as an article capable of contributing to the personal comfort of the guest would be taken from him.

A guest on retiring to his room may well insist upon keeping his watch about him, as a personal right, that he may regulate his rising, or to inform him of the time for a departing train.

The evidence shows that the watch which was lost, was one which the plaintiff carried for his personal use, and there is a well grounded distinction between such an article, and " valuable packages," and the like, which are not immediately requisite to the personal comfort and convenience of a guest. The latter class of articles may with reasonable propriety be required to be deposited in the safe in the office, but not the

former.  *Pope* v. *Hall*, 14 La. An , 324; *Profilet* v. *Hall*, Ib., 524.

The defendants excepted to the instructions given to the jury by the Court.   No special objections have, however, been pointed out, and we think the law as applied to the evidence was correctly stated in the instructions.

The defendants asked certain instructions, which were refused by the Court, the first two of which were as follows:

" *First*, That if the jury find from the evidence that the loss of the watch, chain, and attachments thereto was in any sense attributable directly to the want of care, and prudence on the part of the plaintiff, he can not maintain this action, and you should find for the defendant.

" *Second*, If the jury find from the evidence that the plaintiff failed to take such care of the watch, chain, and attachments thereto as a person of ordinary prudence should take under all the circumstances which surrounded the transaction, the defendants are not responsible, &c."

The first instruction asked states a correct proposition of law, for it is undoubtedly true that if the loss is " attributable directly to the want of care, and prudence on the part of the plaintiff, he can not recover," but, as we think, there was no evidence indicating, or tending to show a want of care on the part of the plaintiff, the instruction was properly refused.   It is true that the door of his room was left unlocked, but the plaintiff says the servant of defendants who showed him to the room told him " not to lock the door, for other parties had to come into the room to go to bed, and the door should be unlocked for them;" and the clerk of the defendants who assigned the room to the plaintiff, says that he " told him some of the parties who were occupying the room were not yet in, and that he could either lock the door, and get up to let them in when they came, or if he did not wish to be disturbed he could leave it unlocked," hence under the circumstances the evidence does not indicate any

Milford *v.* Wesley *et al.*

carelessness on the part of the plaintiff on account of the door being unlocked.

The second instruction asked is liable to the same objection, and in addition it seems to assume that a lack of ordinary care on the part of the plaintiff would relieve the defendants from any responsibility, however negligent they, or their servants might be. This principle is not applicable in a case by a guest against an inn-keeper for property stolen. from the guest.

The *third* and *fifth* instructions asked by the defendants, among other things, present the question of the release of the defendants from liability on account of the heading of the register, and the rules posted upon the door of the room, which has already been discussed, and as the evidence on that point was properly excluded, the Court was right in refusing the instructions.

The only remaining question raised is that the damages. assessed are excessive. There was some conflict in the evidence as to the value, but it was a question for the jury to determine from the evidence, and the amount found by the jury is within the limits made by the witnesses, and hence the Court can not find that the damages are excessive.

The judgment rendered in Special Term is affirmed with costs.

---

NOTE.—Inn-keepers are chargeable for the goods of their guests lost, or stolen at their inns; and to render them liable, it is not necessary that the goods should have been delivered into their special keeping, nor to prove negligence. *Clute* v. *Wiggins,* 14 *Johns.,* 175; 2 *Kent,* 761, *7th Ed.*

It is not necessary that the goods should have been placed in the special keeping of the inn keeper. If one is a gue t, and the goods are within the inn, the landlord is liable for them. *McDonald* v. *Edgarton,* 5 *Barb.,* 560; 2 *Kent, Vol.* 2, *star page,* 594.

Inn-keepers, as well as common carriers, are regarded as insurers of the goods of their guests while in their keeping, and are bound to make restitution for any injury, or loss not occasioned by the Act of God, the common enemy, or by the negligence, or fault of the guest. 5 *T. R.,* 273; 3 *Dyer,.* 266; 1 *Yates,* 34;. 21 *Wend.,* 122, 282;. 5 *Blackf.,* 523. *See also* 10 *Ind,,* 212..

It is not necessary that the goods should have been in the special keeping of the inn-keeper in order to make him liable; if they be in the inn, that is sufficient to charge him—*Bennet* v. *Mellor*, 5 *Term Rep.*, 273. The *prima facie* presumption is, that the law was occasioned by the loss, or negligence of the inn-keeper, or his servants, but the presumption may be rebutted. *Dawson* v. *Chauncey*, 5 *Adol & Ellis*, (N. s.) 164. See also 9 *Pick.*, 280; *Merritt* v. *Claghorn*, 23 *Vt.*, 177; *Overseens* v. *Warner*, 3 *Hill*, 150.

Notice by printed cards is insufficient, unless it be proved that the plaintiff had seen such cards. *Rowley* v. *Horne*, 3 *Bing.*, 2; *Griffiths* v. *Lee*, 1 *Car & P.*, 110. The *burden of proof* is on the inn-keeper, to show that the person who is his guest is fully informed of the terms, and effect of the notice. And unless it "can be brought home to such person, directly or constructively, it is a mere nullity. *Story on Bailments*, Sec. 560; *Angell on Carriers*, Secs. 133, 247.

2 *Greenl. Ev.*, Secs. 216, 218—where if *notice* is proved, "its effect may be *avoided* on the part of the plaintiff, by showing the loss to be occasioned by the *malfeasance, misfeasance, or negligence*" of the carrier, or keeper.

See further: 2 *Campb.*, 415; 2 *Stark, R.*, 53; 5 *Bing.*, 212. *Also Hollister* v. *Nowlen*, 19 *Wend.*, 234; *Brooke* v. *Pickwick*, 4 *Bing.*, 218; 31 *Maine*, 228; 16 *Penn. State*, 67; 100 *Mass.*, 425; 1 *Hilton*, 84; 24 *Ind.*, 347. Goods belonging to a guest stolen at an inn, may be said to be the property either of the inn-keeper, or guest; *Rex. v. Todd*, 1 *Leach*, cc, 557.