ELIZABETH M. PAGE *vs.* COMMERCIAL TRAVELLERS' EASTERN
ACCIDENT ASSOCIATION.

Suffolk.   October 20, 1916. — December 6, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Insurance*, Accident.   *Evidence*, Presumptions and burden of proof.

The beneficiary named in a policy of accident insurance, whereby the insurer
agrees to pay to the beneficiary a certain sum "within sixty days from the
receipt by" its board of directors "of proof satisfactory to said board of the
death of" the insured "and that his death has been caused wholly and entirely
by external, violent and accidental means, which . . . shall leave upon the
body . . . an external and visible mark," filed with the defendant's board of
directors after the death of the insured an affidavit of herself that the insured's
death "was caused wholly and entirely by external, violent and accidental
means, to wit, by a fall to the sidewalk, caused by tripping thereon," an affi-
davit of a witness to the accident, to the effect that the insured "tripped on an
irregularity on the sidewalk and was thrown, striking on his head," an affidavit
of identification of the insured's body, an affidavit of the undertaker, which
stated as the cause of the death "Coronary Sclerosis, Chr. Arterio Sclerosis,"
and the death certificate stating that the primary or secondary cause of the
death was coronary sclerosis, chronic arterio sclerosis. The board of directors
disallowed the claim on the ground that the proofs were not satisfactory to the
board, in that they showed that the death was due to coronary sclerosis and
chronic arterio sclerosis and not to external, violent and accidental means. In an
action upon the policy, upon exceptions by the defendant after a verdict for the
plaintiff, it was *held* that judgment should be ordered for the defendant because
there was no evidence which would warrant a finding that the defendants'
board of directors as reasonable men acting reasonably ought to have decided
upon the proofs submitted by the beneficiary that the death of the insured was
caused wholly by external, violent and accidental means.

CONTRACT for the amount of a policy of accident insurance
issued by the defendant to Joseph Harry Page for the benefit of
the plaintiff, his widow.   Writ dated December 10, 1912.

In the Superior Court the case was tried before *White*, J.   The
material evidence and the course of the trial are described in the
opinion.   There was a verdict for the plaintiff in the sum of
$5,942.50; and the defendant alleged exceptions.

*J. A. Daly*, (*C. T. Cottrell* with him,) for the defendant.

*R. G. Dodge*, (*R. S. Wilkins* with him,) for the plaintiff.

PIERCE, J.   On September 28, 1912, Joseph Harry Page, a man
of about fifty-five years, became a member of the defendant asso-

ciation and received a policy. The plaintiff was the wife of the insured and was named in the policy as the beneficiary in case of death.. The association covenanted and agreed "That within sixty days from the receipt by the Board of Directors of the said Association of proof satisfactory to said Board of the death of the said member, and that his death has been caused wholly and entirely by external, violent and accidental means, which . . . shall leave upon the body of said member an external and visible mark, the said Association, . . . will pay to wife of the said Joseph Harry Page . . . the sum of five thousand dollars."

October 22, 1912, about noon, the insured was walking up State Street, in Boston, toward Washington Street, on the right hand side. As he came to the corner of State Street and Merchants Row he stumbled and fell. He died within a few minutes apparently without recovering consciousness. November 5 and 6, 1912, the beneficiary filed with the board of directors her own affidavit, "that the death of the said member was caused wholly and entirely by external, violent and accidental means, to wit, by a fall to the sidewalk, caused by tripping thereon . . .;" the affidavit of a witness to the accident, "I saw Mr. Page as he turned from State Street toward Merchants Row and tripped on an irregularity on the sidewalk and was thrown, striking on his head;" the affidavit of a person who knew the deceased, "That I saw the body of the deceased after death, to wit, on the twenty-second day of October, 1912, and I knew it to be the body of the said Joseph H. Page whom I knew and who died as aforesaid;" the affidavit of the undertaker, who stated in answer to the question, "What was the cause of death?" copied from medical examiner's death certificate, "Coronary Sclerosis, Chr. Arterio Sclerosis;" and the death certificate, recorded October 26, 1912, wherein it is stated that the primary or secondary cause of death was Coronary Sclerosis, Chronic Arterio Sclerosis. November 25, 1912, the board of directors by letter advised the beneficiary that her claim was disallowed, "as proofs filed at this office on November 6th, 1912, are not satisfactory to this Board. It appears from said proofs that Mr. Page's death was due to disease, i. e., coronary sclerosis and chronic arterio sclerosis, and not to external, violent and accidental means."

The presiding judge at the trial refused to rule "That the proofs

submitted to the Board of Directors of the defendant by the plaintiff were not sufficient to satisfy said directors, as reasonable men, that the death of Joseph Harry Page was caused wholly and entirely by external, violent and accidental means." To this refusal the defendant duly excepted.

The judge submitted to the jury the question whether the preliminary proof "was such as to convince reasonable men acting reasonably that the death did happen wholly on account of the accident, solely on account of the accident," and stated that an affirmative determination of this issue "is a condition precedent to the maintenance of the action."

The defendant did not except to that part of the charge which dealt with the law which should govern the jury in determining the sufficiency of the proofs submitted to the board if it were proper upon the proofs furnished the directors to leave to the jury the issue whether reasonable men, acting reasonably, should have been satisfied that the death of the insured was due wholly and entirely to the injuries sustained by the accident. The evidence of a stumble and fall to the sidewalk, of a blow on the head, of an unconscious condition and of almost immediate death, would require the conclusion that death was due wholly and entirely to the injuries sustained by the accident, were it not for the certificate of death, that the cause of death was coronary sclerosis, chronic arterio sclerosis. These positive and undisputed statements of fact control the inferences of the cause of death naturally arising from the mere fact of fall and of physical injury, and make it impossible to say as a matter of fact, that the directors as reasonable men acting reasonably ought to have decided that death was due wholly and entirely to the accident.

If this conclusion be a seeming hardship to the plaintiff, it results from her failure to perform the voluntarily assumed condition of the agreement of the insured, — that the beneficiary shall furnish sufficient proof to the directors to satisfy reasonable men acting reasonably that death was due wholly and entirely to the injuries sustained by the accident. *Traiser* v. *Commercial Travellers' Eastern Accident Association*, 202 Mass. 292.

The exceptions are sustained and judgment must be entered for the defendant under St. 1909, c. 236.

*So ordered.*