CHARLES MASKAS, administrator, <em>vs.</em> NORTH AMERICAN ACCIDENT INSURANCE COMPANY.

Essex. April 4, 1932. — June 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, & DONAHUE, JJ.

<em>Insurance</em>, Accident: proof of loss. <em>Executor and Administrator. Waiver. Estoppel. Practice, Civil</em>, Exceptions.

At the hearing of an action by the administrator of the estate of one who was killed in an accident against an insurance company which had insured the intestate against such accident for the benefit of the insured's estate, it appeared that the terms of the policy required that notice of loss be sent immediately to the office of the insurance company, and that proofs of loss be furnished within ninety days of the loss; and there was evidence of the following facts: The accident occurred on May 5. On May 8 the insured's brother interviewed a lawyer and on May 18 discharged him and employed a second lawyer. Both lawyers had correspondence with the defendant and asserted a claim under the policy. The defendant had sent blanks for proof of loss to the first lawyer. On July 31, the second lawyer sent the defendant an affidavit by the brother stating in substance that the insured was killed at a time and place, previously described by him in his correspondence with the defendant, when an automobile in which the insured was riding with three others collided with a railroad train. To this no reply was made by the defendant. A petition for the brother's appointment as administrator was filed on July 16 and the appointment was made on August 6. On November 13, the second lawyer, having procured the blanks which the defendant had furnished to the first lawyer, sent them to the defendant properly filled in. The defendant referred him to the provisions of the policy as to proof of loss and refused payment. There was a finding for the plaintiff. The defendant alleged exceptions. <em>Held,</em> that

(1) Although adequate proof of loss by the brother within ninety days after the accident and before his appointment as administrator

would have satisfied the requirement of the policy if affirmed by him after his appointment, the affidavit of July 31 was not adequate;

(2) The requirements of the policy as to proof of loss were not met;

(3) There was nothing to show that the defendant had waived the requirements of the policy as to proof of loss or to estop it from relying thereon;

(4) The exceptions were sustained.

CONTRACT upon a policy of accident insurance. Writ dated January 24, 1929.

In the Superior Court, the action was heard by *Gray,* J., without a jury. Material evidence is stated in the opinion. There was a finding for the plaintiff in the sum of $1,147.50. The defendant alleged exceptions.

*C. W. Rowley,* (*A. A. Sutherland* with him,) for the defendant.

*G. C. Eliades,* for the plaintiff.

WAIT, J. This is an action upon a policy of accident insurance brought by the administrator of the assured against the insurer. The assured while riding in an automobile was struck and killed by a railroad train at a highway crossing on May 5, 1928. Death was almost instantaneous. The policy was payable to the estate of the assured. Its terms required that notice of loss be sent immediately to the office of the insurance company, and that proofs of loss be furnished within ninety days of the loss. The essential question is whether these conditions were fulfilled. The case is before us upon exceptions claimed by the company to the refusal of the trial judge to find for the defendant, to his refusal to grant the following requests for instructions: "1. Upon the pleadings and the evidence the plaintiff is not entitled to recover"; "4. Proof of loss can be made only by the administrator of the estate of the insured Maskas"; "5. Any proof of loss made prior to the appointment of an administrator is void, and of no effect"; and to his granting the request "2. The plaintiff cannot recover without proving that affirmative proof of loss was furnished to the defendant within ninety days after the death of Maskas" with the addition "unless proof of loss waived."

There was evidence as follows: On May 8, 1928, the

plaintiff, a brother of the assured, went with his partner, one Janos, to the office of a lawyer, Mr. Cavan, left the policy with Mr. Cavan and requested him to write the insurance company and make inquiries. Mr. Cavan wrote on May 8 stating that Stevens S. Maskas, policy number 5862490, had been killed in an automobile accident May 5, 1928, at Lynnfield, Massachusetts, and that "I appear for his estate and have filed a brother's petition for appointment as administrator." Under date of May 12, 1928, the defendant acknowledged this letter and wrote Mr. Cavan: "The principal sum of the policy is payable to the assured's estate. Without waiving any contract provisions, I am enclosing a blank to be executed by the person legally qualified to do so, in accordance with the Standard Provisions of the policy. When it is completed and returned, a certified copy of the letters of Administration must accompany it. We should also be furnished with newspaper accounts of the case." This letter and the forms for proofs were received in due course of the mail. About ten days after May 8, the plaintiff called at Mr. Cavan's office and was told by a clerk that the company had been heard from. He took away the policy, but not the other papers; and later, through a friend, paid Mr. Cavan for what he had done. Some time in May he consulted Mr. Eliades and employed him to collect the policy. Mr. Eliades wrote to the defendant on May 31, notifying it of the death of Stevens S. Maskas, policy number 5862490, "killed on May 5, 1928, at Skinner's crossing Lynnfield, Mass. by a Boston & Maine train." In reply, on June 7, 1928, the company stated: "we received a notice of Mr. Maskas' death from Attorney Daniel J. Cavan and a blank was mailed to him May 12th for filing proof under this policy. The principal sum under the policy is payable to the assured's estate." A petition for appointment of an administrator was filed July 16, 1928; and, on August 6, 1928, the plaintiff was so appointed. Mr. Eliades wrote to the company on August 27 that the appointment had been made; stated that he represented the administrator; and asked it to "mail me the necessary blanks for filing proof of claim under the above named

policy." He also stated that Mr. Cavan did not represent his client as the company's earlier letter had stated. It is to be noted that ninety days after the accident expired on August 3, three days before the appointment of the plaintiff as administrator; and that this request for blanks for proof was one hundred fourteen days after the loss. There was evidence, however, that on July 31, within the ninety days, Mr. Eliades wrote the company that since the policy was payable to Maskas's estate and no administrator was then appointed, he enclosed a proof of loss in the form of an affidavit, signed by the petitioner for administration, to protect the interest of the estate; and that: "As soon as he is appointed, I shall let you know so that you can mail me the necessary blanks." The affidavit set out: "said Stevens S. Maskas also known as Steven S. Maskar was killed by a Boston and Maine Railroad train on May 5, 1928, at about 6 P.M. at Skinner's Crossing, Lynnfield Center, Massachusetts. The deceased was accompanied by three other persons who were also killed at the same time. The automobile in which the deceased was riding collided with the aforementioned train." The defendant denied ever receiving this letter and affidavit. The judge found it was received. This finding of fact is binding upon us. No reply was made. On October 3 Mr. Eliades wrote the company complaining of its delay, and again requesting to be furnished blank forms for proof. This letter was acknowledged on October 8, and the company stated: "When we have been advised by a representative of the assured that you have been appointed to succeed the other attorney to whom blanks were furnished, we shall be glad to give the matter due attention." Mr. Eliades, at some time, obtained the blank forms from Mr. Cavan, and, on November 13, sent to the company the proofs of loss duly filled in, newspaper clippings, a certified copy of the plaintiff's appointment as administrator, and an account of the dealings with Mr. Cavan. He asked draft in payment. Thus proofs of loss on its blanks were first sent to the company one hundred ninety-two days after the loss, although the forms had been where the plaintiff

or his attorney could have obtained possession of them since about ten days after May 5, 1928. The defendant, on November 20, acknowledged the letter of November 13 with its enclosures in a letter which ended: "I would . . . refer you to the Standard Provisions of the policy regarding the time and manner of filing proofs of loss." The correspondence ended by a letter from Mr. Eliades requesting payment and threatening suit; and a letter from the company acknowledging the former, and stating that notice of intention to claim did not constitute proof of loss, and that the request for blanks had been complied with on May 12, while proofs had not been filed until November 19.

The defendant has admitted throughout that it had sufficient notice of the loss. It contends that the condition which required proof of loss within ninety days has never been met. We think it is right. The law with reference to performance of conditions in an insurance policy need not be restated. The policy was payable to the estate of the assured. Proof must be made by the person entitled to the payment. See *Bickford* v. *Furber*, 271 Mass. 94; *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8; *Globe Accident Ins. Co.* v. *Gerisch*, 163 Ill. 625. That person was the administrator. Although no administrator was appointed until after the ninety days after the loss had expired, it was possible to secure the appointment of a special administrator as soon as a petition for administration was filed. Such special administrator could have made proofs of loss which would have met this requirement of the law. No special administrator was appointed. In view, however, of the finding that the letter enclosing affidavit of the petitioner for administration was received by the defendant, we think it could have been found, properly, that proof was made by the administrator before August 3, if the affidavit constituted proof. The authority of the administrator when appointed related to the date of the death, and action taken by him in the intervening period would become valid. *Taylor* v. *Woburn*, 130 Mass. 494, 497. Since a special administrator could have been appointed, we think the fourth and fifth requests

were not accurate statements of the law, and that there was no error in refusing to give them. Moreover we think a proof made by any one before the due appointment of an administrator, affirmed by the administrator after his appointment, and adopted as his own act, would be a compliance with requirement of proof by the assured. *Taylor* v. *Woburn,* 130 Mass. 494. *Rand* v. *Hubbard,* 4 Met. 252. Whether insufficient proof by a third person could later be made good by the administrator after appointment, we do not pass upon. The policy assured Maskas only against certain specified risks. It did not insure him against loss while riding in a private automobile of exclusive pleasure type, if he were operating the automobile while carrying passengers for hire or transporting merchandise for a business purpose, or while it was being used for a criminal purpose or to escape consequences of an illegal or criminal use or arrest by constituted authority; nor, if riding in a public automobile stage, unless while it was being driven by a licensed driver plying for public hire and while he was a fare-paying passenger; nor if struck by a railroad train unless while walking or standing on a public highway. It required affirmative proof of loss. Such proof was not furnished in the affidavit of July 31. Nothing more was stated, or inferable from its statements, than that Maskas was in an automobile which was struck by a railroad train at a highway crossing. The character of the vehicle and his relations with it were not described so that liability clearly appeared. The evidence will not sustain a finding that proof was furnished by the affidavit. Articles 6 and 7 of the "Standard Provisions" read: "6. The Company upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proofs of loss. If such forms are not so furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made. 7. Affirmative proof of loss

must be furnished to the Company at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss." There is no agreement to furnish the blank forms to more than one person. It is beyond question that the forms were sent to Mr. Cavan properly. He was employed to give notice. Sending to him was compliance with the agreement in the policy. The defendant was not responsible if for any reason not due to its action the plaintiff and his later attorney chose to disregard Mr. Cavan. There was no action on its part which made proof in another form a compliance with the condition in reference to proofs of loss, and which would render the insufficient affidavit of the prospective administrator an equivalent for proof in the usual form.

We see no evidence of waiver by the defendant. It sent proofs upon receipt of notice. It informed the later inquirer of what it had done. It called attention to the need of proof by a proper representative of the assured's estate, and to the requirements of the policy. In no word did it mislead Mr. Eliades or lull him to inaction. After the expiration of the ninety days, it made no suggestion that it was not standing upon its rights. On the contrary it insisted upon them. It was not bound to state objections to the affidavit, if ever received. There is no estoppel since no action was taken by the plaintiff in reliance on its silence. We think the evidence too slight to sustain a finding of waiver. The addition made to the defendant's second request was not justified. It was error.

The defendant was justified in acting upon the notice given by Mr. Cavan. It is not open to the plaintiff to disavow that notice. It must rely upon it, or else fail for want of immediate notice of loss. As already stated, the plaintiff and his representative Mr. Eliades had knowledge long before the expiration of the ninety days that blank forms of proof of loss furnished in response to notice from the plaintiff were in the hands of Mr. Cavan. The defendant is not responsible for their failure to obtain

and act upon them within the time limited by the policy. The bill of exceptions, which sets out that it contains all the material evidence, does not disclose evidence that will sustain findings that the plaintiff filed proof of loss within the stipulated period after the loss, or that his failure so to do has been waived by the defendant.

We see no merit in the contention addressed to us by the plaintiff that the bill of exceptions fails to set forth "in a summary manner" what took place at the trial. His motion to dismiss the bill is denied.

It follows that the exceptions must be sustained.

*Exceptions sustained.*