GORGINE LARSEN, administratrix, *vs.* METROPOLITAN LIFE
INSURANCE COMPANY.

Suffolk.    December 11, 1934. — February 26, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Life.    *Evidence*, Presumptions and burden of proof.

It was proper to order a verdict for the defendant at the trial of an action
by an administrator against an insurance company upon a policy of
life insurance alleged to have been issued by the defendant upon the
life of the plaintiff's intestate, payable to his estate, where the evi-
dence did not warrant a finding that the policy ever was delivered
to the intestate, or that the plaintiff furnished to the defendant proof
of the intestate's death, as required by the policy, or that the defend-
ant waived that requirement.

TORT.    Originally by Axel E. Larsen. Writ dated No-
vember 14, 1929.

The action subsequently was amended into an action of
contract, and Gorgine Larsen, administratrix of the estate
of Annie C. Mead, was substituted as plaintiff for the
original plaintiff.

The action was tried in the Superior Court before *Keating,*
J.    Material evidence is stated in the opinion.    The judge
ordered a verdict for the defendant and reported the action
for determination by this court.

*H. Mandelstam,* for the plaintiff.

*W. P. Kelley,* for the defendant.

CROSBY, J.    This is an action to recover on an insurance
policy alleged to have been issued by the defendant upon
the life of Annie C. Mead in the sum of $1,000.    The case
was heard by a judge of the Superior Court and a jury.
At the close of the evidence the defendant filed a motion
for a directed verdict, which was allowed subject to the
plaintiff's exception.    The case was reported to this court
upon a stipulation entered into by the parties.

It appeared that Annie C. Mead made an application for

a policy of life insurance in the sum of $1,000. The original policy was not produced, but a copy thereof was produced by the defendant and introduced in evidence by the plaintiff. Gorgine Larsen, the plaintiff, testified that she was a sister of Annie C. Mead; that in October, 1928, the latter visted her; that the plaintiff knows Andrew J. Mahoney, and that he was employed by the defendant; that she was present when Mrs. Mead talked with Mahoney and signed an application for insurance about the middle of October, 1928; that there were also present the plaintiff's daughter, and one Lamplough who came with Mahoney; that afterwards Mahoney called again and talked with Mrs. Mead and brought with him a policy and handed it to her; that this was about four weeks after she signed the application; that Mrs. Mead paid Mahoney some money; that the plaintiff did not know the amount but saw her hand him a bill for $20 and receive some change back; and that the plaintiff's daughter was present when the money was paid. The plaintiff further testified that Mrs. Mead wanted "something fixed about the disability in the policy"; that Mahoney left the house after the money was paid, taking the policy with him; and that she saw her sister with the policy in her hand and in her possession, but could not remember whether that was before or after she paid Mahoney the money. On cross-examination the plaintiff testified that Philip M. Torf was once her lawyer; that at one time she had asked his advice about this case and he told her "that there was nothing there"; that she gave him Exhibit 7, which was a letter from Mr. Torf dated July 26, 1929, to the defendant in which it was stated that the writer represented the "heirs of the late Annie C. Petterson [who was also known by the name of Pedersen] . . . . They inform me that the decedent had been insured with your company and had three policies, on which she paid weekly, to a Mr. Mahoney, your authorized collector. Two of these policies, of which she was insured under the name of Annie C. Petterson . . . and the later policy she was insured under the name of Annie C. Meade . . . . Will you kindly furnish me with the amount of insurance carried

together with the policy numbers, so that we may be able to properly present the matter to the Probate Court for the purpose of administration."

Doris Larsen, the plaintiff's daughter, testified that in November, 1928, she was present when the defendant's agent came to her house and saw her aunt, Mrs. Mead; that the first time he was there Mrs. Mead gave him $3, and later gave him a bill for $20 and received some change in return from it; and that she does not remember whether she saw any life insurance policy there.

Mahoney testified that in 1928 he was employed by the defendant; that he took the application from Annie C. Mead, whom he knew; that there was no premium paid him when the application was signed and that he was obliged to make note of that fact on the application; that on October 16, 1928, Mrs. Mead applied for a twenty-payment life insurance policy with disability; that after the application was signed he put it through the office; that when he received the policy he checked it with his records to determine whether it was the kind of policy applied for; that Exhibit 2 is a copy of the policy which he received on that application; that the policy came down as applied for ready to be placed, with the disability contract attached; that he never received any money from Mrs. Mead; that he attempted to deliver this policy to her but never gave the original policy to her at any time, nor was it ever returned to him to change in any way; that she never gave him $20 from which he was to take out the premium; that he had no right to deliver the policy without collecting the premium; that when he received the policy from the home office he held it until the time came to send for an extension or return it; that he held it for thirty days and then asked for an extension of two weeks; that after he held it for two weeks he would have to return it to the company; and that the premium on the policy never was paid to him in whole or in part by any one.

An examination of the entire evidence in the light most favorable to the plaintiff fails to show that the policy was ever delivered to the decedent. The testimony of the

plaintiff and that of her daughter respecting the giving by Mrs. Mead of $20 to the agent Mahoney and the return to her of some change fail to show that it was a payment of the premium upon the policy in question, especially in view of the statement in the letter written by Philip M. Torf to the defendant, that the writer was informed that the decedent "had three policies, on which she paid weekly, to . . . your authorized collector." There is no evidence that any agent other than Mahoney collected insurance premiums from Mrs. Mead.

The second question to be considered is whether any proofs of the death of Annie C. Mead were filed. The plaintiff testified that she had filed no proofs with the defendant on the policy. The policy recites that "This Policy is issued in consideration of the Application therefor, copy of which Application is attached hereto and made part hereof . . . ." The application, which was annexed to the policy, was signed by Annie C. Mead. The application and the policy constitute the contract between the parties. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299. It is recited in the policy that the insurer promises to pay $1,000 to the estate of the insured "upon receipt of due proof of the death of the Insured and upon the surrender of this Policy." To entitle the plaintiff to recover, the burden of proof rested upon her to prove the death of the insured. It is a condition precedent to recovery that the plaintiff prove such death by a fair preponderance of the evidence. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299, 301. *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6. *Boston Forwarding & Transfer Co.* v. *Contractors Mutual Liability Ins. Co.* 226 Mass. 372, 373. *Ansin* v. *Mutual Life Ins. Co. of New York,* 241 Mass. 107, 110. There was no evidence to warrant a finding that the defendant waived the requirement of the policy that proof of death should be submitted by the plaintiff. *Maskas* v. *North American Accident Ins. Co.* 279 Mass. 523, 529.

A portion of the evidence, admitted *de bene,* afterwards was allowed by the judge to stand. The defendant moved that it be struck out. The judge refused to comply with the

request and the defendant excepted. This exception cannot be sustained.

As the evidence would not warrant a finding that the policy was ever delivered to the decedent Annie C. Mead, and as no proof of death was submitted to the defendant, the trial judge rightly directed a verdict for the defendant.

The entry will be

*Judgment for the defendant.*