JENNIE O'NEIL, administratrix, vs. METROPOLITAN LIFE
INSURANCE COMPANY.

Suffolk.    December 6, 1937. — June 6, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, & QUA, JJ.

*Insurance*, Proof of loss, Waiver. *Waiver. Words,* "Due proof."

Mere notice to an insurer by one of its agents that death of the insured
resulted from external, violent and accidental means did not satisfy
a requirement of the policy, which was a condition precedent to a
right to recover for such death, of "due proof" that the death so
resulted and that such means operated to cause such death "directly
and independently of all other causes."

Under a policy of accident and life insurance providing that agents were
"not authorized and have no power to make, alter, or discharge con-
tracts, to waive forfeitures," acts of an agent who, in filling out a
claim for accidental death signed in blank by the beneficiary, omitted
to include "due proof" required by the policy, could not be found to
bind the insurer as a waiver of such "due proof."

CONTRACT. Writ in the Superior Court dated October 29,
1935.

A verdict for the defendant was ordered by *Sisk,* J. The
plaintiff alleged exceptions.

*C. J. Miller,* for the plaintiff.

*R. C. Evarts,* for the defendant.

LUMMUS, J.   This is an action by the administratrix of
the estate of William O'Neil, to recover upon five policies
of insurance issued by the defendant upon the life of the
plaintiff's intestate.   Apparently the amount of insurance
payable upon death, without more, amounting to $1,700,
has been paid.   This action is brought to recover an addi-
tional "accidental death benefit" promised by a rider at-
tached to each of the policies.   The material provisions of
the rider were the following: "Upon receipt of due proof
that the insured . . . has sustained, after the date of this
policy, bodily injuries, solely through external, violent and
accidental means, resulting, directly and independently of

all other causes, in the death of the insured within ninety days from the date of such bodily injuries while this policy is in force, and while premiums are not in default beyond the grace period specified in this policy, the company will pay in addition to any other sums due under this policy and subject to the provisions of this policy an accidental death benefit equal to the face amount of insurance then payable at death . . . . No accidental death benefit will be paid . . . if death is caused or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity . . . ."

There was evidence tending to prove the following facts. The insured, a healthy man of fifty or fifty-one, on May 10, 1932, with another man was lifting a vise weighing seventy-five pounds when its weight fell on the insured, straining his left side. He was helped home. He had severe pain in his left breast, side and back. He went to work the next day, but had to be helped home again. That was his last attempt to work. He got worse all the time, was short of breath, was in great pain, and died suddenly on May 25, 1932. The public record of his death, made from the findings of the medical examiner for Suffolk County, showed the cause of death as "Dilatation of the heart, presumable, and other effects of the use of alcohol." But there was expert testimony that no disease or alcoholism was a cause of death, but that the accidental injury described was the sole cause of death.

The defendant contends in support of the directed verdict in its favor that it had never received "due proof" of death resulting from accidental injury showing liability for an additional accidental death benefit under the rider. The rider makes the promise therein contained "subject to the provisions of this policy." One of the "conditions" of the policy is as follows: "Proofs of death shall be made upon blanks to be furnished by the company and shall contain the answer to each question propounded to the claimant, to physicians and to other persons, and shall contain the record, evidence and verdict of the coroner's inquest, if any be held. All the contents of such proofs of death

shall be evidence of the facts therein stated in behalf of, but not against, the company." Another "condition," referring to the policy, is as follows: "Its terms cannot be changed, or its conditions varied, except by the express agreement of the company evidenced by the signature of its president or secretary. Therefore, agents (which term includes also managers and assistant managers) are not authorized and have no power to make, alter, or discharge contracts, to waive forfeitures . . . ."

The only proofs of death appearing in the evidence are those which were made in June, 1932, upon printed blanks furnished by the defendant. The same blanks are intended to serve as proofs of accidental death giving a right to an additional benefit and as proofs of ordinary death, and are capable of being used for both purposes. One Toland, an agent for the defendant, was sent by a local manager to the claimant, the administratrix and widow of the insured. "Toland was supposed to take the claim papers to the claimant and explain to them [*sic*] that those are the papers upon which they are to make their claim and when they are completed, bring them back to the office. It was his duty to do anything to help them to complete the papers; not as a duty, as a courtesy. It is not the duty of the agent to prepare claim papers or assist in the preparation of claim papers." Toland filled out the proofs of claim from information supplied by the claimant, except for the cause of death, which he got from the death certificate of the attending physician. He denied that the claimant told him of the accident, but the claimant testified to the contrary. She testified that she signed her "claimant's statement" in blank, and left Toland to fill it in from her oral declarations to him.

The claimant's statement declared that the insured died on May 25, 1932, and that the cause of death was "dilatation of the heart," and that a named physician had attended him from May 4 to May 15, 1932, for "strained left side." Another claimant's statement, made at the same time, did not mention the accident, declared the cause of death to be dilatation of the heart, gave the length of the last illness as

fourteen days, and declared that the named physician was in attendance from May 6 to May 21, 1932. It declared that the insured quit work on May 4, 1932, whereas the first mentioned statement gave the date as May 6, 1932. The statement of the physician already mentioned states the immediate cause of death as "acute dilatation of the heart" from which, in the opinion of the physician, the insured suffered for "twenty-four hours," and the contributory cause of death as "chronic alcoholism" which had a duration of "several years." But the local assistant manager of the defendant, in his statement, dated as early as the other statements, in answer to the inquiry, "If death was due to bodily injuries sustained through external, violent and accidental means, report full particulars under 'Remarks' and submit newspaper clippings, if any. Also state (a) Date and place of accident (b) Cause of accident," answered (a) by saying, "May 4, 1932," and (b) by saying, "Lifting shalf [sic] strained left side." A letter from the local manager to the home office, dated June 13, 1932, shows that at that time the defendant had notice that the accident happened as has been stated earlier in this opinion, although the defendant declined to consider it a cause of death.

As in *Constantino* v. *Massachusetts Accident Co.* 221 Mass. 464, 468, "the blank forms to be provided are not annexed to the policy, but are to be furnished as occasion calls, and no limit to the company's requirements appears in the policy or exists in law save that they shall not be impossible or unreasonable." It was held in that case that the refusal of the employer to execute an affidavit provided for him excused the insured from furnishing it. But so far as proofs are required and may be furnished, furnishing them is a condition precedent to the right to recover. *Taylor* v. *Aetna Life Ins. Co.* 13 Gray, 434. *Page* v. *Commercial Travellers' Eastern Accident Association,* 225 Mass. 335. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 545. *Ray* v. *Fidelity & Deposit Co.* 275 Mass. 184. *Chauncey* v. *Royal Ins. Co. Ltd.* 275 Mass. 243, 245. *Maskas* v. *North American Accident Ins. Co.* 279 Mass. 523, 527. *Larsen* v. *Metropolitan Life Ins. Co.* 289 Mass. 573. See also *Sherman* v. *Metropoli-*

*tan Life Ins. Co.* 297 Mass. 330.   Very likely the statement signed by the assistant manager amounted to notice to the insurer that death was caused by external, violent and accidental means.   *Belbas* v. *New York Life Ins. Co.,* *ante,* 471.   But it did not show that that cause operated "independently of all other causes."   And notice without "due proof" was not enough.

Whatever may be the rule as to policies differently phrased (*Jarvis* v. *Northwestern Mutual Relief Association,* 102 Wis. 546, and cases cited), to be effective in satisfying the condition of this policy requiring due proof, the proofs furnished the insurer, though the facts stated in them are not conclusively binding on the party furnishing them (*Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375, 382, 383; *Burke* v. *John Hancock Mutual Life Ins. Co.* 290 Mass. 299, 302, 303), must on the whole show that the claim is of a class within the protection of the policy, so that if the proofs should be accepted as true the insurer reasonably might pay the claim.   *Page* v. *Commercial Travellers' Eastern Accident Association,* 225 Mass. 335.   *Larsen* v. *Metropolitan Life Ins. Co.* 289 Mass. 573, 576.   *Traiser* v. *Commercial Travellers' Eastern Accident Association,* 202 Mass. 292.   *Belbas* v. *New York Life Ins. Co., ante,* 471.   In the present case the proofs, apart from the statement of the assistant manager, furnished no support to the claim, and in some parts tended to disprove it.   Evidence against the validity of a claim cannot constitute due proof of it.   *Wachtel* v. *Equitable Life Assurance Society,* 266 N. Y. 345.   The statement of the assistant manager does not appear to be a part of the "due proof" or "proofs of death" to be made by the claimant.   *Maskas* v. *North American Accident Ins. Co.* 279 Mass. 523, 527.   It seems rather to have been information furnished by one officer of the defendant to another.   On the whole, due proof was lacking, and a condition precedent to the right to recover remained unfulfilled.

No error as to evidence appears.   Under the provisions of the policy, the agent who filled out the proofs for the plaintiff could not by his words or conduct alter or waive the provisions of the policy requiring due proof.   *Belbas*

v. *New York Life Ins. Co., ante,* 471. The answer of the defendant to an earlier action upon the same policies and the same claims, which did not specifically mention the want of due proof but which contained a general denial, was not a waiver of due proof within the rule referred to in *Palumbo* v. *Metropolitan Life Ins. Co.* 293 Mass. 35, 37, for want of due proof was open under the general denial. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543.    *Shulkin* v. *Travelers Indemnity Co.* 267 Mass. 160. *Chauncey* v. *Royal Ins. Co. Ltd.* 275 Mass. 243, 245.    *Goldberg* v. *Lynn Manufacturers & Merchants Mutual Fire Ins. Co.* 276 Mass. 213, 215.    *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 600.

The present action is prematurely brought, and cannot be maintained. The result may seem harsh, but we have no authority to absolve parties from their contracts.

*Exceptions overruled.*