DOROTHEA E. MACLEOD *vs.* I. J. FOX, INC.

Suffolk.   December 6, 1939. — May 6, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Sale,* Warranty.   *Notice.*   *Contract,* Limiting liability.

The vendee of goods under a contract of conditional sale containing an agreement by him not to institute any court proceedings against the vendor under the contract until ten days after he had delivered to the vendor a signed statement in writing of the details of his claim could not maintain an action against the vendor for breach of warranty without proof that such statement had been given.

CONTRACT.   Writ in the District Court of Chelsea dated November 1, 1938.

There was a finding for the plaintiff in the sum of $2,125 by *Sartorelli,* J.

*J. Israelite, (B. Beerman* with him,) for the plaintiff.

*John J. Sullivan, (W. I. Badger* with him,) for the defendant.

**Cox, J.** This is an appeal from the order of the Appellate Division for the Northern District directing that the finding of the trial judge for the plaintiff be vacated and that judgment be entered for the defendant. The plaintiff seeks to recover for the alleged breach of an implied warranty of fitness of a fur coat that she purchased from the defendant (G. L. [Ter. Ed.] c. 106, §§ 17 [1], 38). The trial judge denied certain requests of the defendant for rulings of law and found for the plaintiff, but the Appellate Division found that there was prejudicial error in the denial of the request that the evidence did not warrant a finding for the plaintiff.

When the coat was purchased, the plaintiff signed a conditional sales agreement that contains, among other things, the following provisions: "The vendee covenants and agrees not to institute any court proceedings against the vendor under this contract, at law or equity, until ten days after he has delivered to the vendor a signed statement in writing of the details of his claim or claims." There was no evidence, and it is not contended, that the plaintiff gave any such notice before commencing her action.

We are of opinion that the failure of the plaintiff to give the required notice is a defence to the present action, there being no evidence of waiver on the part of the defendant. *Bryant* v. *Commonwealth Ins. Co.* 6 Pick. 131. *Howland* v. *Leach,* 11 Pick. 151, 154. *Knight* v. *New England Worsted Co.* 2 Cush. 271, 286. *Weed* v. *Crocker,* 13 Gray, 219, 226. *Franklin Savings Institution* v. *Reed,* 125 Mass. 365. *Reed* v. *Washington Fire & Marine Ins. Co.* 138 Mass. 572, 575–576. *Hatch* v. *United States Casualty Co.* 197 Mass. 101. *Thomson* v. *American Fidelity Co.* 215 Mass. 460. *Papanastos* v. *Heller,* 227 Mass. 74, 76. *Connolly* v. *Haines-Ce Brook Inc.* 277 Mass. 423, 427. *O'Flaherty* v. *Cunard Steamship Co. Ltd.* 281 Mass. 447. *Barry* v. *Frankini,* 287 Mass. 196, 200–201. *Crane Construction Co.* v. *Commonwealth,* 290 Mass. 249, 253–254. *Burgh* v. *Preston,* 8 T. R. 483 (101 Eng. Rep. Reprint 1503). *Rosenthal Paper Co.* v. *National*

*Folding Box & Paper Co.* 226 N. Y. 313, 322. 3 Williston, Contracts, (Rev. Ed.) § 669. Compare *Allen* v. *Kimball*, 23 Pick. 473; *Foster* v. *Purdy*, 5 Met. 442; *Reed* v. *Stoddard*, 100 Mass. 425.

It is unnecessary to consider other questions raised by the report.

*Order of judgment for defendant affirmed.*