MARION LOOKE HOWE *vs.* NATIONAL LIFE INSURANCE COMPANY.

Norfolk.    March 4, 1947. — April 11, 1947.

Present: FIELD, C.J., QUA, RONAN, & SPALDING, JJ.

*Insurance*, Accident insurance; Life insurance: double indemnity; Proof of loss; Waiver. *Evidence*, Presumptions and burden of proof. *Waiver. Words*, "Due proof."

In an action against an insurance company to recover the double indemnity for accidental death provided for in a life insurance policy, the plaintiff had the burden of proving that he had satisfied a condition precedent to liability of the company by furnishing to it as "due proofs" sufficient data and particulars reasonably to indicate to it that the death had been accidental within the terms of the policy.

Proofs submitted to a life insurance company, showing no more than that the death of an insured had been caused concurrently by a long existing serious heart condition and by injuries received in an automobile accident which aggravated that disease, did not show that the death resulted "independently of all other causes from bodily injury" and not "directly or indirectly from disease" within double indemnity provisions of the policy.

Waiver by a life insurance company of the requirement of "due proofs" of accidental death under double indemnity provisions of a policy was not shown by a letter from counsel for the company to the beneficiary, which, although it stated that the company, upon the basis of proofs already furnished, had decided that the death was not accidental within such provisions, left it open to the beneficiary to submit additional proofs that the death was accidental, nor by a certain agreement between counsel as to the contentions which counsel for the company would make at the trial respecting the sufficiency of the proofs furnished.

CONTRACT.    Writ in the Superior Court dated June 28, 1944.

The action was tried before *Hudson, J.*

*B. Aldrich*, for the defendant.

*D. F. Sullivan*, for the plaintiff.

RONAN, J.   The plaintiff, the beneficiary named in a policy issued by the defendant and insuring the life of her husband, brings this action to recover double indemnity

which the defendant agreed to pay "upon receipt of due proofs that the death of the insured resulted independently of all other causes from . . . bodily injury effected solely and exclusively by violent, external, and accidental means . . . but subject to the following terms and conditions: This accidental death benefit shall not be payable if the death of the insured resulted (a) directly or indirectly from disease of any kind . . . ." The insured, a salesman, forty-one years of age, was injured on November 5, 1943, when the automobile in which he was riding was struck in the rear by another automobile. His chest was brought in contact with the steering wheel, and he received some abrasions on his legs, contusion of his abdomen and chest, and a sprained back and neck. He was attended by a physician and returned to his employment, keeping more or less irregular hours until November 23, 1943, when he collapsed at his place of employment and was taken to a hospital where he died on December 22, 1943, of coronary thrombosis. The plaintiff had a verdict. The case is here on an exception of the defendant to the denial of its motion for a directed verdict.

The obligation of the defendant to pay double indemnity did not arise until it had received due proof that the insured had met with an accidental death within the coverage of the policy. The furnishing of such proof being a condition precedent to liability, the burden was upon the plaintiff to show that she had given such proof. *Shulkin* v. *Travelers Indemnity Co.* 267 Mass. 160. *Larsen* v. *Metropolitan Life Ins. Co.* 289 Mass. 573. *Goldman* v. *Commercial Travellers' Eastern Accident Association,* 302 Mass. 74. In the absence of some provision designating its form, due proof may be submitted in any appropriate form, and, if furnished by one or more documents, they may be construed separately or collectively in determining whether the information required has been given. *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135. *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471. *Barnett* v. *John Hancock Mutual Life Ins. Co.* 304 Mass. 564. *John Hancock Mutual Life Ins. Co.* v. *De Costa,* 88 Fed. (2d) 479. *Equitable Life*

*Assurance Society* v. *Dorriety*, 229 Ala. 352.    *Levine* v. *New York Life Ins. Co.* 155 Misc. (N. Y.) 806.    Under the form of this policy, mere notice of the death of the insured or that his death was accidental, without supplying the defendant with the data and particulars connected with the death, would not be sufficient.    *Rollins* v. *Boston Casualty Co.* 299 Mass. 42.    *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626.    *O'Reilly* v. *Guardian Mutual Life Ins. Co.* 60 N. Y. 169.    While the proofs are to be fairly and reasonably construed, they must in this respect be a substantial compliance with the terms of the policy.    "Due proof" means evidence proper in form and sufficient in character to indicate the truth of the facts stated, and to show that the event has happened upon which the defendant had promised to pay.    The purpose of furnishing the defendant with due proof is to enable it to form an intelligent estimate as to whether the death came within the terms of the policy. *Page* v. *Commercial Travellers' Eastern Accident Association*, 225 Mass. 335.    *Larsen* v. *Metropolitan Life Ins. Co.* 289 Mass. 573.    *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471.    *O'Neil* v. *Metropolitan Life Ins. Co.* 300 Mass. 477. *Hovhanesian* v. *New York Life Ins. Co.* 310 Mass. 626.

The sufficiency of the proofs is challenged by the defendant.    These proofs consisted of the claimant's certificate, which merely stated that the plaintiff was making a claim for double indemnity but furnished no facts upon which the claim was based; a death certificate, which gave the cause of death as coronary thrombosis; the autopsy report, which mentioned the facts that the insured had been in an automobile accident two and one half weeks before his admission to the hospital and that his chest had come in contact with the steering wheel, but made no other reference to this accident, and which further stated that the insured had been well except for an occasional slight precordial pain for the preceding two years, that on the day after admission to the hospital he developed a complete heart block, and that during his first week in the hospital he experienced a stormy course with several attacks in one of which there was a complete asystole for several minutes, and

which concluded, after describing in considerable detail the condition of his heart, with final diagnoses, three of which were as follows: "Arteriosclerotic heart disease with: — Coronary atherosclerosis, marked, Occlusion of anterior descending branch of left coronary artery, Infarction of anterior left ventricle and interventricular septum, old"; a letter from Dr. Schofield, the insured's physician, stating that it was reasonable to assume that the accident contributed to the death and that "his arteriosclerosis had been of long standing" but expressing the opinion that, except for the accident, the insured might have lived for years "before there was a fatal termination"; a letter from Dr. Hamilton, a heart specialist, who had attended the insured, which stated that the insured had a chronic atherosclerosis of the coronary arteries "and that the accident was probably the provoking cause of his fatal cardiac infarction"; and, finally, a letter from the plaintiff's attorney, which set forth the details of the accident and stressed the violence which accompanied it, referred to the two letters of the physicians, stated that notwithstanding any previous heart condition the insured had led a normal and active life, and mentioned certain activities in which he had engaged.

These proofs disclosed that the cause of death was coronary thrombosis. They also indicated that the deceased had suffered from an arteriosclerotic heart for two years which had progressed at the time of his death to the extent shown by the autopsy. The sclerotic condition of the heart antedated the accident, and it could not have had its origin in the accident. Both the death certificate and the autopsy report establish heart disease as the cause of death, and neither contains the slightest suggestion that death was attributable to any other cause. A death due to a disease not caused by an accident was expressly exempted from the risks assumed by the defendant, and proofs that went no farther than to show that death resulted from disease would be an insufficient basis upon which to predicate a claim against the defendant. *O'Neil v. Metropolitan Life Ins. Co.* 300 Mass. 477. *Baba v. Mutual Benefit Health & Accident Association,* 280 Mich. 531. *Wachtel v. Equitable Life Assurance Society,* 266 N. Y. 345.

It is not and could not be successfully contended that the accident alone produced death or that the proofs evidenced such a fact, but what the plaintiff does contend is that it could be inferred from the proofs that the arteriosclerosis at the time of the accident was not a disease but a normal condition which the accident caused to become activated and to develop rapidly, eventually resulting in the death of the insured. A death caused by bodily injuries accidentally sustained would be within the terms of the policy if the accident, by reason of the frailty or general weakness of the insured, a predisposition to a disease, or the presence of a disease then inactive or dormant, resulted in a fatal termination, even if this result would not have followed if the injured person was in normal health. *Freeman* v. *Mercantile Mutual Accident Association*, 156 Mass. 351. *Collins* v. *Casualty Co.* 224 Mass. 327. *Leland* v. *United Commercial Travelers*, 233 Mass. 558. *Ballam* v. *Metropolitan Life Ins. Co.* 295 Mass. 411.

The distinction between a disease and an abnormal physical condition has been pointed out in our decisions. *Freeman* v. *Mercantile Mutual Accident Association*, 156 Mass. 351. *Leland* v. *United Commercial Travelers*, 233 Mass. 558. *Kramer* v. *New York Life Ins. Co.* 293 Mass. 440. *Palumbo* v. *Metropolitan Life Ins. Co.* 296 Mass. 358. The insured's condition at the time of the accident as disclosed by the proofs was much more than a minor deficiency that could fairly be characterized a common incident of life to one who was only forty-one years of age. That he was then suffering from a serious heart disease is indicated by his past history, emphasized by the frequent and almost fatal attacks at the hospital two weeks after the accident and confirmed by the report of the autopsy.

The proofs construed most favorably to the plaintiff demonstrate the aggravation of an existing heart disease by an accident, and that the disease and the accident were the concurrent causes of death. But a death caused by the joint operation of a preexisting disease and an accident is not within the scope of the policy. *Page* v. *Commercial Travellers' Eastern Accident Association*, 225 Mass. 335.

*Leland* v. *United Commercial Travelers*, 233 Mass. 558. *Kramer* v. *New York Life Ins. Co.* 293 Mass. 440. *Aetna Life Ins. Co.* v. *Ryan*, 255 Fed. 483, 486. *Mutual Life Ins. Co.* v. *Loeb*, 107 Fed. (2d) 7. *McMartin* v. *Fidelity & Casualty Co.* 264 N. Y. 220, 223.

That these proofs cannot be interpreted as showing a death due to an accident alone and independent of a concurring disease is supported by the statement of one physician that the accident contributed to the death and the statement of the second physician that it provoked the fatal cardiac infarction, necessarily implying the existence of a primary cause which, according to the first physician, was of long standing and would ultimately, but at a later date, result in death, and which, according to the second physician, was a chronic atherosclerosis of the coronary arteries. An accident that is merely the contributing cause of death cannot be said to be the sole cause operating independently of all other causes.

There is nothing in the letter of the plaintiff's attorney, which was the remaining document constituting the proof, tending to show that the accident and not the heart condition was the cause of death.

It follows that the proofs do not show that the bodily injuries accidentally sustained by the insured were the sole cause of his death but that they set forth the cause as heart disease culminating in coronary thrombosis and an aggravation of this disease by the accident. The proofs did not show that the death was within the coverage of the policy but on the whole tended to negative that it was. *Page* v. *Commercial Travellers' Eastern Accident Association*, 225 Mass. 335. *Fitchburg Savings Bank* v. *Massachusetts Bonding & Ins. Co.* 274 Mass. 135. *Goldman* v. *Commercial Travellers' Eastern Accident Association*, 302 Mass. 74. *Baba* v. *Mutual Benefit Health & Accident Association*, 280 Mich. 531. *Wachtel* v. *Equitable Life Assurance Society*, 266 N. Y. 345. *Mulholland* v. *Prudential Ins. Co.* 155 Misc. (N. Y.) 718. *City Bank Farmers Trust Co.* v. *Equitable Life Assurance Society*, 246 App. Div. (N. Y.) 256.

The evidence will not support a finding that the defend-

ant waived the submission of further proof.   In reply to a letter to the defendant requesting a blank form for making proof for double indemnity, counsel for the defendant under the date of June 22, 1944, wrote to the plaintiff's counsel stating that the company had no special form, that the executive committee had decided upon the basis of what had been furnished that the death of the insured was not accidental within the policy, and that he saw no reason to present additional evidence unless there were additional facts which have not been furnished and "which, in your judgment, in some way bear upon the question of whether death was accidental within the terms of the policy." The plaintiff had prior to this letter learned the grounds upon which her claim had been rejected, and the letter of June 22, 1944, did not close the door to the reception of any further evidence that she might submit.   Just before the trial counsel for the defendant, in lieu of insisting upon a motion for specifications, agreed with counsel for the plaintiff that he would not contend that the proofs were insufficient if the evidence at the trial went no farther than the facts stated in the proofs but, if it did go farther, he would insist that the proofs were insufficient.   This was not a waiver. In the first alternative the plaintiff could not prevail if she only established the facts contained in the proofs; and in the second alternative she could not prevail even if she had otherwise made out a case because she had not submitted due proof that the death was within the coverage of the accidental death benefit clause.

We do not reach and need not consider the question whether the motion to direct a verdict should have been granted apart from the proofs upon the evidence introduced at the trial.   The plaintiff could not prevail because she had no cause of action in the absence of due proof. *Bowen v. New York Central & Hudson River Railroad,* 202 Mass. 263.   *Krasnow* v. *Krasnow,* 253 Mass. 528.   *Miller* v. *Rosenthal,* 258 Mass. 368.   *Cobb* v. *Library Bureau,* 260 Mass. 7.   *Maskas* v. *North American Accident Ins. Co.* 279 Mass. 523.   *Thompson* v. *United Casualty Co.* 296 Mass. 507.   *Greem* v. *Cohen,* 298 Mass. 439.   *Regan* v. *Atlantic*

*Refining Co.* 304 Mass. 353. *Regan* v. *Atlantic Refining Co.* 312 Mass. 302. *MacLeod* v. *I. J. Fox, Inc.* 306 Mass. 15.

The defendant's exceptions are sustained, and judgment is to be entered for the defendant.

*So ordered.*