ALBERT F. HOWARD, administrator, *vs.* METROPOLITAN
LIFE INSURANCE COMPANY
(and a companion case[1]).

Suffolk.   January 2, 1951. — February 2, 1951.

Present: QUA, C.J., LUMMUS, SPALDING, & WILLIAMS, JJ.

*Insurance,* Accident insurance; Life insurance: double indemnity; Proof
of loss.   *Evidence,* Presumptions and burden of proof.

Under a life insurance policy providing double indemnity "upon receipt
of due proof" that the death of the insured was accidental, the fur-
nishing of such proof was a condition precedent to liability of the
insurer for the double indemnity, and, in an action against the insurer
to recover the double indemnity, the plaintiff had the burden of prov-
ing that it had been furnished.

The furnishing of "due proof" of accidental death of the insured to the
insurer under a life insurance policy providing double indemnity "upon
receipt of due proof" of accidental death and also requiring the fur-
nishing of proof of death before the insurer was obligated to pay any-
thing was not shown by evidence merely that a form of proof of death
supplied by the insurer was filled out and submitted to it, and that the
insurer paid the single indemnity provided by the policy and made "no
requests for any further proof of death."

TWO ACTIONS OF CONTRACT, originally brought by Jean R.
Howard and after her death prosecuted by the administrator
of her estate.   Writs in the Superior Court dated August 25,
1947.

The actions were tried together before *O'Connell,* J.

*J. P. Graham,* (*D. D. Scannell, Jr.,* with him,) for the
plaintiff.

*E. J. Duggan,* for the defendants.

SPALDING, J.   At the time of his death on September 20,
1946, Albert F. Howard was insured under a policy of life
insurance issued by the Metropolitan Life Insurance Com-
pany and two policies issued by the John Hancock Mutual

---

[1] The companion case is by the same plaintiff against John Hancock Mutual
Life Insurance Company.

Life Insurance Company. It is conceded that the face amount of the policies has been paid. These two actions of contract were brought by Jean R. Howard, the mother of the insured and the beneficiary named in the policies, to recover double indemnity benefits under the policies.[1] The cases were tried together under a stipulation that the evidence where material would apply to both actions. It was agreed at the pre-trial hearing that the insured "died as a result of injuries sustained while he was riding in a motor vehicle owned by the United States Army." At the close of the evidence both the defendants and the plaintiff presented motions for directed verdicts. The judge denied the plaintiff's motions and granted the defendants' motions. The plaintiff's exceptions to this action bring the cases here.

The Metropolitan policy provided that the double indemnity benefits would be paid "upon receipt of due proof that the death of the insured resulted, directly and independently of all other causes, from bodily injuries caused solely by external, violent, and accidental means." Substantially the same provisions were contained in the two John Hancock policies. Each of the policies also provided that due proof of death of the insured must be furnished before the company was obligated to pay anything under the policy.

The only evidence on the issue of due proof was as follows: The plaintiff testified that the defendants furnished him with forms for proof of death for each policy; that they were filled out and submitted to the defendants; that the defendants paid the single indemnity provided for in the policies; and that "no requests for any further proof of death in reference to the death were asked of him or his intestate by the . . . [defendants]." The proofs of death were introduced in evidence but they do not appear in the bills of exceptions nor were they incorporated therein by reference.

---

[1] Jean R. Howard died on February 3, 1950, and her husband Albert F. Howard, administrator of her estate, was substituted as a party plaintiff in both actions.

In the recent case of *Howe* v. *National Life Ins. Co.* 321 Mass. 283, where a policy containing similar provisions was involved, it was said, "The obligation of the defendant to pay double indemnity did not arise until it had received 'due proof that the insured had met with an accidental death within the coverage of the policy. The furnishing of such proof being a condition precedent to liability, the burden was upon the plaintiff to show that she had given such proof. . . . Under the form of this policy, mere notice of the death of the insured or that his death was accidental, without supplying the defendant with the data and particulars connected with the death, would not be sufficient. . . . 'Due proof' means evidence proper in form and sufficient in character to indicate the truth of the facts stated, and to show that the event has happened upon which the defendant had promised to pay. The purpose of furnishing the defendant with due proof is to enable it to form an intelligent estimate as to whether the death came within the terms of the policy" (pages 284–285). That case is decisive here. The evidence of proof of death recited above did not satisfy the provisions in the policies requiring due proof that the death of the insured resulted from bodily injuries caused solely by external, violent, and accidental means. Proof of compliance with these provisions was a prerequisite to recovery. There was no evidence to warrant a finding that the defendants waived this requirement.

It follows that the action of the judge in denying the plaintiff's motions for directed verdicts and in granting the defendants' motions was right. In view of this conclusion it is not necessary to consider the defendants' contention that on the evidence, apart from that relating to due proof, the plaintiff had failed to make out a case.

*Exceptions overruled.*