EDITH N. COOPER *vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Suffolk. April 9, 1952. — September 25, 1952.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Insurance,* Accident insurance, Proof of loss, Waiver. *Agency,* Scope of authority or employment. *Corporation,* Officers and agents. *Waiver.* *Words,* "Due proof."

The furnishing by the beneficiary under an accidental death insurance contract to the insurer of a sworn statement containing merely an assertion that the cause of the insured's death was drowning and a claim of the benefits of the contract, together with a death certificate by the medical examiner stating that the cause of death was a "cor-

onary occlusion, sudden" and that "death was due to internal causes," did not satisfy a requirement of the contract that the insurer be supplied with "due proof that the death . . . occurred . . . as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means."

Certain letters alleged to constitute a waiver by an insurance company of a requirement of "due proof" of loss in a policy were not shown to be binding on the company in view of provisions in the policy that no condition or provision could be waived except by an indorsement signed by certain designated officers of the company and that no agent had power in its behalf to modify the insurance contract or to "waive any forfeiture" or to bind the company "by making . . . any representation."

CONTRACT. Writ in the Superior Court dated March 29, 1949.

The action was tried before *Brogna*, J.

*Alonzo E. Yont*, for the plaintiff.

*Haywood W. Corbett*, for the defendant, submitted a brief.

QUA, C.J. This action is by the beneficiary named in an insurance policy to recover under the accidental death benefit provisions of the policy a sum in addition to the regular death benefits. The insured was the husband of the plaintiff. The judge directed a verdict for the defendant and reported the question whether his action was error.

There was evidence that in the evening of November 6, 1948, the dead body of the insured, a man "a little better than 67 years of age," was found in Silver Lake at Chesham, New Hampshire, where he and the plaintiff had occupied a cottage the preceding summer. He had come back alone for the purpose of closing up the cottage and of returning to another cottage, about a half mile away, a small metal boat, some tools, and other articles, all of which he had previously borrowed. The body, heavily clothed, was found "resting over a small stone pier within eight or ten feet from shore with the rumps out of the water and the head and feet under the water." The boat was found "up on the shore" near by about half full of water and containing some of the articles to be returned. Others of these articles were found on the lake bottom about forty or fifty feet out

"directly in front of where the body was found." The evidence need not be recited in greater detail, nor need we determine whether it would warrant a finding that, as the plaintiff contends, the insured fell out of the boat and was drowned.

The provision of the policy relative to accidental death benefit was this: "The Monthly Instalments of the Accidental Death Benefit . . . shall be payable . . . upon receipt of due proof that the death of the Insured occurred . . . as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means . . . ." It is apparent that receipt of the "due proof" required is a condition precedent to liability for the accidental death benefit, and that the burden rests upon the plaintiff to show that such due proof was supplied. *Sherman* v. *Metropolitan Life Ins. Co.* 297 Mass. 330. *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 473. *Howard* v. *Metropolitan Life Ins. Co.* 326 Mass. 722, 724. No time limit for the receipt of such proof seems to have been specified. Due proof means "evidence proper in form and sufficient in character to indicate the truth of the facts stated, and to show that the event has happened upon which the defendant had promised to pay. The purpose of furnishing the defendant with due proof is to enable it to form an intelligent estimate as to whether the death came within the terms of the policy." *Howe* v. *National Life Ins. Co.* 321 Mass. 283, 285, and cases cited. *Howard* v. *Metropolitan Life Ins. Co.* 326 Mass. 722. *Page* v. *Commercial Travellers' Eastern Accident Association*, 225 Mass. 335, 337.

So far as appears from the evidence the proof furnished by the plaintiff consisted of two items. The first was a sworn statement of the plaintiff simply giving the dates of birth and death of the insured and saying that the cause of death was "drowning — died from drowning, see clipping," and claiming the proceeds of the policy. It does not appear what the "clipping," if there was one, said or where it came from. So far as appears no information was given as to the

place or circumstances of the death from which an inference of accidental drowning could be drawn. Nothing was said as to where such information could be obtained. There was nothing but the bare assertion of death by drowning made by one not a witness, and a claim of a right to recover. If this first item had any validity, the second item practically nullified the first. This second item consisted of a death certificate signed by the medical examiner giving the immediate cause of death as "coronary occlusion, sudden," and stating that "death was due to internal causes." It cannot be held that these two items of "proof" taken together furnished the defendant any reasonable basis for an intelligent conclusion that death had occurred "as a result, directly and independently of all other causes, of bodily injuries, effected solely through external, violent and accidental means." *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 474–475. *O'Neil* v. *Metropolitan Life Ins. Co.* 300 Mass. 477. *Goldman* v. *Commercial Travellers' Eastern Accident Association,* 302 Mass. 74, 78–80. At best they tended to show that disease was a concurrent cause. *Howe* v. *National Life Ins. Co.* 321 Mass. 283, 287–288.

The plaintiff contends that the defendant waived proof of loss in certain letters to the plaintiff's attorney in which, it is argued, the defendant indicated its reliance upon lack of evidence of liability rather than upon the failure to furnish proofs of loss. We are not at all sure that the letters will bear this construction, but if they will, it becomes necessary to refer to another clause in the policy that "No condition, provision or privilege of this Policy can be waived or modified in any case except by an endorsement hereon signed by . . . [certain designated officers of the company]. . . . No agent has power in behalf of the Company to make or modify this or any other contract of insurance . . . , to waive any forfeiture, or to bind the Company by making any promise, or by making or receiving any representation or information." None of the letters came from any officer of the company designated in the foregoing clause, or from any person shown to have been authorized to adjust the loss

or otherwise authorized to waive the company's contract rights. Those letters did not bind the company to any waiver. *Blair* v. *National Reserve Ins. Co.* 293 Mass. 86. *Thompson* v. *United Casualty Co.* 296 Mass. 507, 509. *Belbas* v. *New York Life Ins. Co.* 300 Mass. 471, 476. *Bogosian* v. *New York Life Ins. Co.* 315 Mass. 375, 380. *O'Neil* v. *Metropolitan Life Ins. Co.* 300 Mass. 477, 481–482.

There was no error in directing a verdict for the defendant.

*Judgment for the defendant*
*on the verdict.*