LEON GAINSBORO *vs.* BENJAMIN SHAFFER.

Norfolk. December 3, 1958. — April 7, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Contract,* For sale of real estate, Assignment, Performance and breach. *Assignment. Guaranty. Evidence,* Extrinsic affecting writing. *Words,* "Service guarantee."

In an action by a buyer of a house against the seller for breach of an agreement to assign a guaranty of the roof to the plaintiff, where it appeared that at the time of passing papers the defendant delivered to the plaintiff a writing purporting to assign all the defendant's interest in "the following service guarantees: . . . 4. Roof," evidence that the defendant told the plaintiff that he had a twenty year "written bond guarantee" for the roof and would deliver it to the plaintiff within a few days after passing papers but did not do so might be considered in determining the meaning of the ambiguous words "service guarantee," and a finding for the plaintiff was warranted.

CONTRACT. Writ in the Municipal Court of Brookline dated April 18, 1957.

The case was heard by *Comerford, J.*

*Alan L. Lewis,* for the defendant.

*George Michaels,* for the plaintiff.

WILLIAMS, J.  This is an action of contract for breach of an agreement to assign to the plaintiff a certain "service guarantee" relating to the roof of a house on Sharpe Road, Newton, which was sold by the defendant to the plaintiff. The agreement for sale was executed November 29, 1954, and provided for a conveyance of title on or before January 30, 1955.  It contained a clause that the seller "agrees to execute an assignment to the buyer of all warranties received by him from subcontractors with reference to plumbing, heating and roofing on the subject premises."  There was evidence that the defendant said he had a twenty year "written bond guarantee" for the roof and told the plaintiff that he would deliver it to the plaintiff "within the next few days of the date of passing papers."  The parties met on January 12, 1955, and the defendant gave to the plaintiff a paper (exhibit 2) reading as follows: "Assignment January 12, 1955  For, and in consideration of the passing of papers upon the premises located on Lot #8, Sharpe Road, Newton, Massachusetts, I hereby assign all right, title and interest in and to the following service guarantees: Service Guarantees 1. Hot water heater.  2. Boiler-heating system.  3. Oven and stove.  4. Roof.  5. Disposal.  (Signed) Benjamin Shaffer."  The papers were passed and it appears that the plaintiff did not receive the written guaranty as to the roof.  The defendant said that he would deliver it within the next few days.

The judge found that "the talk re: a warranty or bond for the performance of the roof was more than sales talk standing alone, but that with exhibit #2, the plaintiff had more than talk to persuade him to make the purchase of the house in question."  He found for the plaintiff and reported the questions of law raised by his denial of the defendant's requests for rulings only the following of which are now material: "1. The evidence requires a finding for the defendant.  2. The law requires a finding for the defendant. . . . 8. The acceptance of the deed by the plaintiff discharges all of the obligations of the defendant."  As to No. 8 the judge stated: "The deed was not offered in

evidence. The trial court does not know the contents of the deed. As presently advised 'the trial court rules that exhibit #2 was not extinguished by the deed."

The case is here on the defendant's appeal from a decision of the Appellate Division which held that "there was no prejudicial error in the rulings of the trial judge" and ordered the report dismissed.

From the meager evidence recited in the report the judge could have found that the service guaranty of the roof to which reference was made in the assignment of January 12 was understood by the parties to be a written twenty year bond and that the plaintiff was damaged by the defendant's failure to deliver it. The defendant's contention that the judge could not properly consider the oral evidence as to the bond and its promised delivery because in violation of the parol evidence rule cannot be sustained. The meaning of "service guarantee" is ambiguous and it would be permissible to resort to prior negotiations, the conduct of the parties and statements after the contract was executed, not to vary or enlarge it, but to define its terms. *Letts-Parker Grocer Co.* v. *W. R. Marshall & Co. Inc.* 232 Mass. 504, 506. *Rizzo* v. *Cunningham,* 303 Mass. 16, 21. See *Martin* v. *Jablonski,* 253 Mass. 451, 456; *Maybury Shoe Co.* v. *Izenstatt,* 320 Mass. 397, 403–404. There was no error in denying requests numbered 1 and 2. There also was no error in denying request numbered 8. The assignment of the bond was collateral to the conveyance of the house and land.

*Order dismissing report affirmed.*