GEORGE A. SCHROEDER *vs.* FEDERAL INSURANCE COMPANY.

Suffolk.   November 10, 1961. — January 23, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Insurance,* Airplane insurance, Construction of policy. *Evidence,* Best
and secondary, Relevancy and materiality, Competency. *Words,* "Fly-
ing time," "Flight."

At the trial of an action on an insurance policy covering loss of an air-
plane while operated by a pilot with not less than a stated number of
hours of flying time and requiring the presentation of logbooks in sup-
port of claims, secondary evidence of the contents of the pilot's log-
books was admissible following findings by the trial judge at a prelimi-
nary hearing that the pilot's logbooks had been lost or were unavailable.
[474]

In an insurance policy covering loss of an airplane while operated by a
pilot with not less than a stated number of hours of flying time, a gen-
eral condition that "claims . . . must be supported by the exhibit as
often as required, and at any reasonable time . . . of logbooks" re-
quired the presentation at the insurer's request of available logbooks but
did not restrict proof of the pilot's flying time to that recorded in a
logbook.   [474-475]

At the trial of an action on an insurance policy covering loss of a private
airplane while operated by a pilot with not less than a stated number
of hours of flying time and containing an ambiguous provision with
respect to the presentation of logbooks in support of claims, evidence
that "a pilot who has reached a certain level of skill and who is not
going to go on, generally does not keep a logbook because he doesn't
need to prove his time" was properly admitted.   [475]

In an insurance policy covering loss of an airplane while operated by a
pilot with not less than a stated number of hours of "flying time" and
defining "flight" as "the period from the start of actual take-off run,
while in the air and until completion of landing run," the words "flying
time" were not to be construed as the equivalent of the defined term
"flight."   [476]

Evidence at the trial of an action on an insurance policy covering loss of a
private airplane while operated by a pilot with not less than a stated
number of hours of flying time warranted a finding that the pilot of
the airplane at the time of its loss had accumulated the requisite number
of hours of flying time.   [476]

CONTRACT.   Writ in the Superior Court dated December
12, 1958.

The action was tried before *Vallely,* J.

*David H. Fulton,* for the defendant, submitted a brief.

*Lyman C. Sprague,* for the plaintiff.

CUTTER, J.   The insured, the owner of an airplane, brings this action to recover for its loss in an accident on December 16, 1957.   It was stipulated, after the plaintiff's opening, "that the issue to be determined . . . is whether . . . the pilot, Paul Sriberg [not the insured], had the requisite number of hours of flying time as set forth in the policy." A jury returned a verdict for the insured.   The case is here upon the company's exceptions to the admission of certain evidence, to the trial judge's refusal to revise a "preliminary finding as to the availability of a [certain] logbook" of Sriberg, and to the judge's refusal to direct a verdict for the company.

The policy covered a Beech Bonanza G-35.   Declaration numbered 5 of the policy provided, "The [a]ircraft will be operated only by the following . . . any currently certificated private pilot or commercial pilot possessing not less than 250 hours total flying time and approved by the insured."   By rider attached to the policy, this was amended to read, "George A. Schroeder [the insured] and/or any duly certificated private pilot or better licensed by the Civil Aeronautics Administration who has at least 250 hours total flying time 25 hours of which have been in Beech Model 35 aircraft."   The final paragraph of item 3 of the "General Conditions" of the policy reads in part, "Claims must be made separately for each section, each accident and each aircraft and must be supported by the exhibit as often as required, and at any reasonable time during the currency of this policy or thereafter, of aircraft or insured property or remains thereof and of logbooks, one each for pilot, airplane and engine, kept in order as required by Federal Regulations . . . ."[1]   Item 15 of the "General Conditions"

---

[1] The paragraph also requires "the exhibit at such reasonable place as may be designated by the [i]nsurer for the purpose of making extracts or copies or otherwise of all books of accounts, bills, invoices or other vouchers, or certified copies thereof if originals be lost.   The [i]nsured shall further submit to examination under oath by any person or persons named by the [i]nsurer and subscribe the same."

defines "Flight — The period from the start of actual take-off run, while in the air and until completion of landing run."

Before evidence was offered, Sriberg was examined in the absence of the jury to determine whether the trial judge would admit secondary evidence of the contents of a log-book or logbooks said to have been lost. There was testimony that one logbook "just disappeared." Another was "destroyed by one of . . . [Sriberg's] children" and thereafter thrown away. The judge ruled that "secondary evidence . . . as to the number of hours" flown by Sriberg prior to the accident might be received. Such evidence was received as to hours flown and "recorded in this . . . logbook that . . . [Sriberg] lost . . . and the logbook . . . destroyed by his small child." Thereafter, subject to the company's exception, other evidence was admitted about Sriberg's flying time, through the testimony of Sriberg and of others, without clear indication that it was testimony about Sriberg's flying time as entered in any logbook which was no longer available. Indeed, subject to the company's exception, the judge asked Sriberg, "[A]t the time this accident occurred in December, 1957, how many actual flying hours had you flown?" To this Sriberg replied that "a minimum of 294 hours is the best I can answer that . . . ." The evidence on the issue was somewhat conflicting.

Secondary evidence clearly was admissible of the contents of those logbooks, which the trial judge had found (by preliminary findings) had been lost or were no longer available. *Fauci* v. *Mulready*, 337 Mass. 532, 539–542. We think, however, that the policy did not restrict proof of Sriberg's flying time to that recorded in a logbook. The only reference to logbooks relied upon is that of the final paragraph of item 3 of the "General Conditions" already quoted. This we interpret merely as requiring (at the request of the insurer) presentation of available logbooks in support of claims. It does not specifically preclude proof of flying time by evidence other than the contents of logbooks. If only this special method of proof of flying time

was to be permitted and if production of logbooks showing flying time was to be a condition precedent to any recovery, then an explicit provision to that effect should have been made in the rider or elsewhere in the policy. Any such provision also should have been made expressly applicable to the rider provision limiting operation of the aircraft to pilots with stated hours of flying experience.[2]  Accordingly, we apply the principle that "every doubt is to be resolved against the insurer and in favor of the insured." *Lustenberger* v. *Boston Cas. Co.* 300 Mass. 130, 134–135.  See *Insurance Co. of No. America* v. *Newtowne Mfg. Co.* 187 F. 2d 675, 682, 684 (1st Cir.).  Cf. *Woogmaster* v. *Liverpool & London & Globe Ins. Co. Ltd.* 312 Mass. 479, 481.

There was no prejudicial error in admitting testimony that "a pilot who has reached a certain level of skill and who is not going to go on, generally does not keep a logbook because he doesn't need to prove his time . . .."  This evidence could reasonably be admitted as giving assistance in the interpretation of the somewhat ambiguous contract provision with respect to logbooks, for it tended to show the practices as to logbooks of those private aircraft pilots and users to whom policies of this type would apply.  See *LaCouture* v. *Renaud,* 325 Mass. 33, 36–37.  See also *Gainsboro* v. *Shaffer,* 339 Mass. 1, 3.

There was in the policy no provision for the production of logbooks to prove hours of flying time at all comparable to the explicit provision imposing a condition precedent to the payment of a loss, considered in *Johnson* v. *Phoenix Ins. Co.* 112 Mass. 49.  See *Hebert* v. *Dewey,* 191 Mass. 403, 413.  See also *Constantino* v. *Massachusetts Acc. Co.* 221 Mass. 464, 467–468.  Cf. a requirement of proof of a particular type of loss, as in *Cooper* v. *Prudential Ins. Co.* 329 Mass. 301, 303–304.  We are not prepared to construe the policy provision about logbooks as requiring a particular

---

[2] Relevant Federal regulations do little to shed additional light upon the final paragraph of item 3 of the "General Conditions." These regulations indicate that flying time recorded in logbooks is required to establish certain qualifications for particular categories of flight referred to in the regulations. See 14 C. F. R. (1956) § 20.16, as added by 21 Fed. Reg. 6501 (Aug. 23, 1956); §§ 43.43, 43.44, 43.68.

method of proving a pilot's flying time, where no clear policy language so provides. The production of logbooks for any other purpose is not here in question in view of the agreement as to "the issue to be determined" already mentioned.

Similarly, we see no reason to construe "flying time," as used in the policy and the rider, as the equivalent of the defined term "flight." We think that the definition of "flight" relates to that word as used in the schedule of coverage. See *Jackson* v. *Royal Indem. Co.* 172 F. Supp. 241, 243–244 (D. Mass.); *James* v. *Federal Ins. Co.* 5 N. J. 21, 25–27. The definition of "flight" has no necessary application to the different terms "flying time" or "flight time," the latter of which is defined in relevant regulations of the Civil Aeronautics Board as "the total time from the moment the aircraft first moves under its own power for the purpose of flight until the moment it comes to rest at the end of the flight." 14 C. F. R. (1956) § 20.5.

In any event, upon the evidence, the jury were warranted in finding that Sriberg had accumulated the necessary flying time, not only 250 hours in aircraft of all types, but also twenty-five hours in aircraft of the type involved in the accident. The jury were not required to believe this evidence, but the arguments against admitting it advanced by the insurance company (e.g. that the time certain aircraft were flown by Sriberg "cannot be checked" or that the use of planes was unreliably measured by tachometer, see *Banaghan* v. *Dewey,* 340 Mass. 73, 75) went to weight of the evidence rather than to its sufficiency. Upon the admissible oral testimony there was evidence which required submitting the case to the jury upon the issue left open by the stipulation. A directed verdict was properly denied.

There was no error in excluding questions in cross-examination relating to matters not within the limited issue to be tried in accordance with the stipulation. See *Supreme Coat Co.* v. *Lyon Warehouse & Distrib. Co.* 332 Mass. 505, 506–507.

*Exceptions overruled.*