FLORENCE M. GILMOUR & another *vs.* SECURITY MUTUAL CASUALTY COMPANY. January 28, 1965. Order for judgment affirmed. The plaintiffs brought this action as beneficiaries under a policy of insurance issued by the defendant. The judge ordered judgment for the defendant and the plaintiffs appealed. The case was submitted on an agreement as to evidence. See *King Features Syndicate, Inc.* v. *Cape Cod Bdcst. Co. Inc.* 317 Mass. 652, 653. The evidence shows that the plaintiffs' son, the insured under the policy, collapsed and died after running four laps on a quarter mile track while participating in the regular physical education program of his high school. By the terms of the policy, in order to recover, the plaintiffs must sustain the burden of proving that loss of life resulted ". . . directly and independently of all other causes from accidental bodily injury." The death certificate stated the cause of death to be "presumably cardiac exhaustion" and there was no evidence more favorable to the plaintiffs on this issue. This was not proof that the death resulted "from accidental bodily injury." See *Smith* v. *Travelers Ins. Co.* 219 Mass. 147, 149; *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, 526; *Cooper* v. *Prudential Ins. Co.* 329 Mass. 301, 303–304.

*Joseph S. Sappett* for the plaintiffs.
*H. Richard George* for the defendant.

JOHN SEXTON & CO. INC. *vs.* OLDE FIELD FOOD PRODUCTS, INC. & others. January 28, 1965. Order dismissing report affirmed. The plaintiff brought an action of contract against Olde Field Food Products, Inc. (Olde Field), by a trustee writ dated April 11, 1963. Stop & Shop, Inc., was named as trustee and answered that it held funds of Olde Field in the amount of $2,572.50. By agreement of counsel there was a finding for the plaintiff against Olde Field in the sum of $2,087.70. One Kaplan petitioned to be admitted as a party in the action and the petition was allowed. He moved that the plaintiff's attachment of the Stop & Shop funds by trustee process be discharged in accordance with G. L. c. 223, § 75, and the motion was allowed. The basis of Kaplan's petition to intervene and motion was a security agreement executed by Olde Field on January 29, 1963, to him as trustee in consideration of $16,000 lent by Doran Foods, Inc., to Olde Field. There was evidence, and the judge found, that Kaplan was designated as the trustee in the security agreement to protect the interests of his client, Doran, and that he held the property described in the agreement as trustee and not individually. The sole question presented was whether the plaintiff or Kaplan, as trustee, was entitled to the attached funds. The judge ruled that by virtue of the security agreement, which had been duly recorded, they belonged to Kaplan, as trustee. A report to the Appellate Division was dismissed. For the reasons set forth in the opinion of the Appellate Division, to which we can add nothing, there was no error.

The case was submitted on briefs.
*Joseph Krinsky* for the plaintiff.
*David A. Rakov* for Sumner Z. Kaplan, trustee.