Belknap
No. 6462

EDWARD G. GREEMORE, ADMINISTRATOR
OF THE ESTATE OF LAURENCE A. GREEMORE

v.

AMERICAN HOME ASSURANCE CO.

LAKES REGION FLYING CLUB & *a.*

v.

AMERICAN HOME ASSURANCE CO. & *a.*

May 31, 1973

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross* and *Eaton W. Tarbell, Jr. (Mr. Tarbell* orally) for Lakes Region Flying Club, Inc.

*Nighswander, Lord, Martin & KillKelley* for Edward G. Greemore, administrator of the estate of Laurence A. Greemore.

*Normandin, Cheney & O'Neil* and *David O. Huot* for Norman N. Reid, administrator of the estate of Marilyn Currin.

*David R. Decker,* for the estate of Dr. Dale E. Wenlund, filed no brief.

*Orr & Reno, Ronald L. Snow* and *Richard B. Couser (Mr. Couser* orally) for American Home Assurance Company.

GRIFFITH, J. These two petitions for declaratory judgment are to determine whether a certain policy of insurance issued by American Home Assurance Company to Technical Aero Service, Inc. extended liability coverage to Dr. Dale E. Wenlund, the pilot at the time of an accident on August 6, 1967, involving a Piper airplane owned by Technical Aero Service. The plane on that date was in a midair collision near the Laconia, New Hampshire airport with another plane, owned by Lakes Region Flying Club, which carried a pilot and three passengers. Both planes were destroyed and all occupants were killed. Dr. Wenlund was a student pilot and at the time of the tragedy was on a solo cross-country flight from Hanscom Field, Bedford, Massachusetts under the ground supervision of a Technical Aero Service flight instructor.

Numerous lawsuits have been brought as a result of the accident against the pilots and owners of both aircraft. These petitions for declaratory judgment were brought by Edward

Greemore, administrator of the estate of Laurence Greemore, and Lakes Region Flying Club after American Home Assurance Company refused the demand of the New Hampshire administrator of Dr. Wenlund's estate to defend lawsuits brought against the estate. Home Assurance concedes that their policy affords hull coverage and liability coverage to Technical Aero Service in the accident but denies their liability coverage extends to Dr. Wenlund as an insured. All plaintiffs in lawsuits resulting from the crash were joined as plaintiffs on motion of Home Assurance and the petitions were consolidated for trial. After hearing, the trial court made certain findings and rulings and decreed that the Home Assurance policy extended coverage to the estate of the pilot, Dr. Wenlund. The exceptions of Home Assurance to these findings, rulings and decree were reserved and transferred by the Trial Court, *Johnson, J.*

The policy in question was purchased in Massachusetts by a Massachusetts corporation and its interpretation is governed by the law of that Commonwealth. *Maryland Casualty Co. v. Coman,* 106 N.H. 364, 212 A.2d 703 (1965). If the trial court's findings and rulings that the provisions of the policy are ambiguous is correct its interpretation of the policy correctly followed Massachusetts law.

The policy contained the following provision in its insuring agreements which identifies persons insured under the policy:

"III. Definition of 'Insured' (Coverages A, B, C, D, E and F). The unqualified word 'insured' wherever used includes not only the named insured but also any person while using the aircraft and any person or organization legally responsible for its use, provided the actual use is with permission of the named insured. *The provisions of this paragraph do not apply . . . (d) to any person or organization or any agent or employee thereof (other than the named insured, its agents and employees) operating the aircraft under the terms of any training program which provides any remuneration to the named insured for the use of the said aircraft.*" (Emphasis added.) The underlined provision clearly provides that Dr. Wenlund was not an insured under the policy. The evidence was that Dr. Wenlund was a student

pilot under a training program that provided remuneration to the named insured for the use of the aircraft. The trial court found that Dr. Wenlund was excluded by paragraph III(d) of the omnibus clause in the absence of any conflict between that provision and the declarations. There is no reason to disturb that finding. *Rivier College v. St. Paul Fire and Marine Ins. Co.,* 104 N.H. 398, 187 A.2d 799 (1963).

The trial court however went on to find that the insuring agreements conflicted with the typewritten declarations in the policy numbered eight and nine.

"8. Uses: Instruction and Rental — excluding any operation by any person or organization, (other than the named insured), for other than pleasure and business purposes as defined herein".

"9. Pilots: Any properly certificated pilot for the flight approved by the Insured, but student pilots shall be under the direct supervision of a properly certificated Flight Instructor." The court assumed these provisions with the insuring agreements determined the identity of persons insured under the policy. Since the provisions permitted two rational interpretations, the court held that they rendered the policy ambiguous. *King v. Prudential Ins. Co. of America,* 359 Mass. 46, 267 N.E.2d 643 (1971). Although the court admitted parol evidence "to assist the court as to the particular meaning of this obviously ambiguous policy" it does not appear to have relied on such evidence in its interpretation of the policy.

Instead the court resolved the ambiguity it found by giving priority to declarations eight and nine over the insuring agreements in the identification of persons insured. The court reasoned that where the meaning of the policy was in doubt it should be construed against the insurer who is responsible for any lack of clarity in the writing (*Transamerica Ins. Co. v. Norfolk & Dedham M.F.I. Co.,* 1972 Mass. Adv. Sheets 273, 279 N.E.2d 686 (1972); *Schroeder v. Federal Ins. Co.,* 343 Mass. 472, 179 N.E.2d 328 (1962)), and that the printed provisions must yield to typewritten statements. *King Features Syndicate v. Cape Cod Broadcasting Co.,* 317 Mass. 652, 59 N.E.2d 481 (1945).

Under Massachusetts law the trial court correctly employed interpretative presumptions in favor of the insured which would be applied if the policy provisions are ambiguous. This doctrine, however, must not be invoked "to create an ambiguity which does not exist, or by a strained . . . interpretation raise doubts which do not arise from the policy language". 13 Appleman, Insurance Law and Practice § 7428 (b) (1943). An insurance policy, the provisions of which are plainly and definitely expressed in appropriate language, must be enforced in accordance with its terms. *Hyfer v. Metropolitan Life Ins. Co.*, 318 Mass. 175, 61 N.E.2d 3 (1945).

The trial court erroneously found an ambiguity in the policy language. It assumed the declarations eight and nine related to the identity of insureds, which they do not. These declarations are preceded in the policy by a number of exclusions headed by the statement, "The policy does not apply:". After listing exclusions such as the aircraft being used for any unlawful purpose or loss due to enemy attack there appears paragraph 7 which reads as follows:

"7. While the aircraft is being operated in flight by any pilot other than the pilot(s) named or described in item 9 of the declaration unless specifically approved by endorsement attached to this policy." Declaration nine, therefore, limits the effectiveness of the policy's coverages to circumstances where certain restrictions as to pilots by whom the aircraft could be flown have been observed. *Omaha Sky Divers Parachute Club, Inc. v. Ranger Ins. Co.*, 189 Neb. 610, 204 N.W.2d 162 (1973). Declaration eight relates to permissible uses of the aircraft and does not bear on the identity of the persons insured under the policy. The trial court correctly ruled that at the time of the accident Dr. Wenlund was a student pilot under the direct supervision of a properly certificated flight instructor within the meaning of the policy. It follows that the policy was in force at the time of the accident as the defendant admits and this is the only fair and reasonable meaning of the language of the declarations eight and nine. *Save-Mor Supermarkets, Inc. v. Skelly Detective Serv., Inc.*, 1971 Mass. Adv. Sheets 537, 268 N.E.2d 666 (1971); *Mendelsohn v. Automobile Ins. Co. of Hartford*, 290 Mass. 228, 195

N.E. 104 (1935); *see Tupper v. Hancock,* 319 Mass. 105, 108, 64 N.E.2d 441, 443 (1946). Within the context of the whole policy, declarations eight and nine do not purport to determine who is insured by the policy (*see Roberts v. Underwriters at Lloyds London,* 195 F. Supp. 168 (D. Idaho 1961) and are not in conflict with paragraph III of the insuring agreements which does determine who is insured by the policy.

*Defendant's exceptions sustained; remanded.*

All concurred.