158 N.J. Super. 48 (1976)
385 A.2d 328
ROBERT G. SALIBA, ADMINISTRATOR AD PROSEQUENDUM AND ADMINISTRATOR OF THE ESTATE OF BARBARA J. CASSIDY, PLAINTIFF,
v.
AMERICAN POLICYHOLDERS INSURANCE COMPANY, A CORPORATION OF THE STATE OF DELAWARE, RICHARD J. BERLOW & COMPANY, INC., A CORPORATION OF THE STATE OF DELAWARE, AND CARL S. WURTZ, GENERAL ADMINISTRATOR OF THE ESTATE OF JOHN C. CASSIDY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 16, 1976.
*49 Mr. Peter Cammelieri for plaintiff.
Mr. John T. Madden for defendants American Policyholders Insurance Company and Richard J. Berlow & Company, Inc. (Messrs. Dolan and Dolan, attorneys).
Mr. Donald J. Maizys for defendant Carl S. Wurtz (Messrs. Farrell, Curtis, Carlin, Davidson and Mahr, attorneys).
GASCOYNE, J.C.C., Temporarily Assigned.
The problem presented herein is not so much that there are no reported decisions in this State, but rather that in those jurisdictions where the issues have been presented, diametrically opposed results have been reached.
The facts in this case are relatively simple. It is undisputed that American Policyholders Insurance Company (American) issued a policy of insurance to Air Mark Aviation, Inc. (Air Mark) for the period May 1, 1971 to May 1, 1972. Covered under the policy was a Piper Cherokee PA-28-140 bearing FAA number N5923U. On September 5, 1971 the aircraft was leased to John J. Cassidy (Cassidy) *50 pursuant to an oral rental agreement. On September 6, 1971, while Cassidy was piloting this aircraft with his wife as a passenger, there was a crash resulting in the deaths of both.
Duly appointed representatives of decedents instituted suits, with the wife's representative suing Cassidy and Air Mark as well as others, and Cassidy suing Air Mark and others. These matters were consolidated for trial. The matter was tried as to liability and a jury returned a verdict that Air Mark was not guilty of negligence and that Cassidy was guilty of negligence which was a proximate cause of the accident that caused the deaths.
Thereafter, the present declaratory judgment action was instituted. Cassidy, through his representative, Wurtz, filed a crossclaim seeking the same relief as the representative of his wife and further seeking reimbursement for counsel fees in the prior suit as well as in the present action.
Cross-motions were filed by plaintiff and the various defendants, each seeking judgment as a matter of law. The issues, as framed by arguments of the parties, are whether (a) the pilot, being a permissive user of the aircraft for one of the designated purposes of use in the policy (lessor) was an omnibus insured, and (b) the policy excludes coverage for renter pilots. The issue presented there as here was whether the written "x" under paragraph 6 of the Declarations created an ambiguity.
The parties agree that the following portions of the policy are germane to the issues presented:
INSURING AGREEMENTS

Coverage B  Passenger Bodily Injury Liability. To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any passenger as defined herein, caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft.
* * *

*51 III. Definition of "Insured". The unqualified word "Insured" wherever used in this Policy with respect to Coverage A, B, C and D, includes not only the Named Insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured.
The provisions of this paragraph do not apply:
* * *
(c) to any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for the use of said aircraft.
Plaintiff and Cassidy further contend that provisions of section 6 of the Declarations, particularly subsection (c) which provides,
PURPOSE(S) OF USE: The aircraft will be used only for the purposes indicated by "X":
* * *
[X] (c) "Limited Commercial". The term "Limited Commercial" is defined as including all the uses permitted in (a) and (b) above and including Student Instruction and Rental to pilots but excluding passenger carrying for hire or reward;
creates such an ambiguity as to warrant the extension of coverage to Cassidy as an omnibus insured.
Parenthetically, it should be noted that the named assured, Air Mark, does not claim that it got less than it bargained for under the policy that was issued. Quite to the contrary, Air Mark takes the position that it knew that the policy did not cover a pilot to whom it rented an aircraft. Thus, we are confronted with the anomalous situation in which the parties to a contract take the position that there was no intent on their parts to extend coverage to Cassidy and impose liability for payment to the wife's representative. Plaintiff argues that because of an alleged ambiguity in the contract the real intent of the parties was to make them third-party beneficiaries to the contract. This would seem to be sufficient to deny coverage, but this does not address *52 itself to the issues raised by the parties as set forth heretofore.
By undertaking the resolution of the issues as raised, the question as to whether the motion is premature is mooted since discovery has not been completed and time should be given to ascertain more facts.
Before delving into the merits of the cases relied on by the respective parties, it is incumbent to assert certain basic principles that are applicable in construction of insurance policies.
In search for these principles, the language used by the court in American Policyholders' Ins. Co. v. McClinton, 100 N.J. Super. 169 (Ch. Div. 1968), is appropriate:
Generally, an insured is chargeable with knowledge of the contents of a policy, in the absence of fraud or unconscionable conduct on the part of the carrier. Heake v. Atlantic Casualty Ins Co., 15 N.J. 475, 483 (1954). And as observed, in Merchants Indemnity Corp. v. Eggleston, 37 N.J. 114, 121 (1962) "* * * This rule does not reflect a judicial belief that the average purchaser reads the contract in full or understands all that he reads. Rather the rule rests upon business utility." Nevertheless, in dealing with a layman unfamiliar with the subtleties of law and underwriting, the insurer should present a reasonably comprehensible policy to the insured, free of ambiguity. [at 179]
The court in American Mercury Ins. Co. v. Bifulco, 74 N.J. Super. 191 (App. Div. 1962) had this to say:
There is a well settled doctrine applicable to the construction of an insurance policy, "if the controlling language will support two meanings, one favorable to the insurer, and the other favorable to the insured, the interpretation sustaining coverage must be applied. Courts are bound to protect the insured to the full extent that any fair interpretation will allow." Mazzilli v. Accident & Casualty Insurance Co. of Winterthur, 35 N.J. 1, 7 (1961). This does not mean, however, that the courts will make a different contract from that which the parties themselves have made.
When the terms of an insurance contract are clear, it is the function of a court to enforce it as written and not to make a better contract for either of the parties. * * * Absent statutory prohibitions, an insurance company has the right to impose whatever *53 conditions it desires prior to assuming its obligations and such provision should be construed in accordance with the language used. [Citation omitted]
Where the policy provision under examination relates to the inclusion of persons other than the named insured within the protection afforded, a broad and liberal view is taken of the coverage extended. But, if the clause in question is one of exclusion or exception, designed to limit the protection, a strict interpretation is applied. [Citation omitted] [at 195-196]
Our Supreme Court, in James v. Federal Ins. Co., 5 N.J. 21 (1950), stated:
Whatever may be the rules of construction when a policy of insurance is ambiguous, it has long been the law of this State that when the contract is clear the court is bound to enforce the contract as it finds it. "The law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce the contract as it is written." [at 24]
Finally, and in line with this, 44 C.J.S. Insurance § 296 provides:
A contract of insurance should be given a fair and reasonable construction and, likewise, should be given a sensible construction * * * such as would be given the contract by an ordinary intelligent business man * * *.
In seeking to have coverage extended to them, plaintiff and Cassidy's representative rely on Martin v. Ohio Cas. Ins. Co., 9 Mich. App. 598, 157 N.W.2d 827 (Ct. App. 1968), and Wzontek v. Zurich Ins. Co., 418 Pa. 30, 208 A.2d 861 (Sup. Ct. 1965). American, on the other hand, relies on the law as exemplified in Melton v. Ranger Ins. Co., 515 S.W.2d 371 (Tex. Civ. App. 1974), and Greemore v. American Home Assur. Co., 113 N.H. 250, 305 A.2d 681 (Sup. Ct. 1973). As has been noted heretofore, the courts, in construing sections identical to those in the policy before this court, have reached diametrically opposed results. In order to determine *54 what result this court should reach, an analysis of these cases should be undertaken.
In Martin, supra, plaintiff rented a plane and while taxiing down a runway struck a curb, resulting in damage to the plane. Ohio Casualty paid its insured, the owner of the aircraft, and then instituted suit against Martin. Martin claimed he was an insured under the policy and presented the suit to Ohio Casualty for defense, which was refused. Plaintiffs retained their own counsel and successfully defended the action. Thereafter, they instituted this suit for attorneys fees. The trial court ruled they were insureds under the policy, and an appeal was taken. The Court of Appeals affirmed the trial court, holding that typed provisions of a policy modified the printed portions of the policy and therefore the only reasonable construction was to extend "authorized use of the aircraft and that protection is afforded for damages arising out of such authorized use." 9 Mich. 157 N.W.2d at 829.
The facts in Wzontek v. Zurich Ins. Co. are almost identical to those of the present matter. The court there found it unnecessary to consider the meaning of "renter pilot" under the terms of the policy, holding, as did the court in Martin, that the typewritten portions clearly express an intention to extend coverage to "`Any Private or Commercial Certificated Pilot' who is flying an airplane listed in the policy" (208 A.2d at 863; footnote omitted) See also, Kansas City Fire & Marine Ins. Co. v. Clark, 217 F. Supp. 231 (D. Mont. 1963).
Contra the foregoing are the Melton and Greemore cases, supra. Factually, Melton is very similar to the matter herein presented. It also involved the precise clauses as in the insurance policy presently under consideration. The issues presented in Melton were exactly those presented in this matter. The court reviewed the general principles of construction to be applied, which are the same general principles recognized in this State, and recognized the generally accepted *55 propositions of construction as set forth in the New Jersey cases cited above.
The court held that paragraph 6 of the policy did not create an ambiguity and that the renter pilot was not an omnibus insured under the policy. In a well-reasoned opinion the court said this:
The clause of the policy involved here that defines "insured" spells out who the insureds in the policy are and the plain wording of that part of the policy expressly excludes a "renter pilot" from being insured by the policy.
No part of the policy expressly provides that a "renter pilot" is an insured under the policy. If a renter pilot is an insured it must be so because of implication from language used in another part of the policy.
* * * We hold that the effect of that clause is to provide that the loss covered by the policy must arise out of certain named uses, and that one such use is "rental to pilots". In other words, the purposes provision of the policy merely makes it clear that Van Enterprises, Inc.'s coverage for its negligence as a lessor not in possession of the plane is not forfeited by permitting a renter pilot to use the plane. This clause further permits the named insureds to recover under the policy for damage to the airplane itself in instances when such damage is sustained while the aircraft is in the hands of a renter pilot. It is not the purpose or the effect of the Purposes of Use provisions of this policy to designate who is or is not an insured under the policy.
Nothing in the Purposes of Use provisions of the policy in any way modifies, even by implication, the definition of "insured" contained in the policy. Its only purpose is to protect the named insured, Van Enterprises, Inc., while the aircraft is rented out.
We hold that the provisions involved were not intended to and do not make a renter pilot an insured under the policy. [515 S.W.2d at 374]
The court in the Melton case recognized that its holding was at odds with the Martin case, and specifically disagreed with it.
The Greemore case also is factually similar to the matter under consideration but involved different clauses than are being considered herein. However, though the clauses differ, they are analogous to those being considered. The appellate court reversed the trial court's finding of coverage because of *56 an ambiguity. It recognized the presumption in favor of the insured where there is an ambiguity, but noted:
This doctrine, however, must not be invoked "to create an ambiguity which does not exist, or by a strained * * * interpretation raise doubts which do not arise from the policy language." 13 Appleman, Insurance Law and Practice, § 7428 (b) (1943). An insurance policy, the provisions of which are plainly and definitely expressed in appropriate language, must be enforced in accordance with its terms. [305 A.2d at 683; citation omitted]
The court went on to hold that declarations did not relate to the identity of the insureds but rather to the effectiveness of the policy's coverage under certain circumstances. See also Omaha Sky Divers Parachute Club, Inc. v. Ranger Ins. Co., 189 Neb. 610, 204 N.W.2d 162 (Sup. Ct. 1973), and Bruce v. Lumberman's Mt. Cas. Co., 127 F. Supp. 124 (E.D.N.C. 1954).
Martin and Wzontek, supra, both conclude that the typewritten portion of the policy created an ambiguity. A careful reading of the policy involved herein leads this court to a different conclusion, namely that coverage under this policy is keyed to the use to which the airplane was put and is not determined by some subjective intent of the parties to the contract. Thus, this court agrees with and adopts the reasoning in Melton and Greemore.
It is further argued on behalf of plaintiffs that the doctrine of "reasonable expectation," as established in Allen v. Metropolitan Life Ins. Co., 44 N.J. 294 (1965), should be applied herein. The Allen case is inapposite, both factually and legally.
The motion for summary judgment on behalf of plaintiff and Cassidy is denied and the motion on behalf of defendants is granted.